### A. M. THOMPSON v. L. L. LASSITER.

(Filed 10 April, 1957.)

**1. Automobiles § 55—**

 Liability of the father for the negligence of the son in operating a family purpose car is predicated upon the doctrine of *respondeat superior.*

**2. Judgments § 32—**

While the plea of *res judicata* ordinarily requires an identity of parties, a person not a party to the prior action may be bound by the judgment rendered therein if he had a proprietary or financial interest in the judgment or in the determination of the issues involved therein, and either individually or in cooperation with others controlled the presentation or prosecution of his side of the case.

**3. Same: Automobiles § 48—Father contingently liable under family car doctrine who defends as guardian ad litem suit against minor son held estopped by judgment therein.**

In a suit by a passenger in a car against the driver thereof, the drivers of the two other cars involved in the collision were made parties on the original defendant's cross-complaint. The father of the minor driver was appointed guardian *ad litem* and defended the action, and judgment was rendered in favor of the passenger upon adjudication that the negligence of all three drivers concurred in proximately causing the injuries. The father of the minor driver thereafter instituted this suit against the driver of one of the cars to recover damages to his automobile, medical expenses and loss of earnings and services of his minor son. *Held:* The second action was properly dismissed upon the plea of *res judicata*, since the father, in defending the cross-action in the prior suit, exercised complete control of his son's defense, and in doing so was defending the cross-action as much for his own protection as for that of his son, in view of the fact that the father would be liable to the plaintiff in that action under the family purpose doctrine and could have been sued if the judgment against the son had not been satisfied.

APPEAL by plaintiff from *Sharp, Special Judge,* January Extra Civil Term 1957 of MECKLENBURG.

This is a civil action instituted by the plaintiff against the defendant to recover damages suffered by him in a collision between an automobile driven by the defendant and a family purpose automobile owned by the plaintiff and being driven by the plaintiff's minor son, Haskelle M. Thompson.

The plaintiff seeks a judgment: (1) in the amount of $2,000 for damage to his automobile, and (2) in the amount of $5,000 for medical expense and loss of earnings and services of his minor son.

On 26 January 1955, a few days prior to the time this action was instituted (on 3 February 1955), one Isaac Crawford instituted an action also against the defendant in this action in which he alleged that he was a passenger in a third automobile, being operated by one Nathaniel Harris, which collided with the defendant's automobile immediately following the collision between the defendant's automobile and plaintiff's automobile. In that action, the defendant Lassiter set up a cross-action against both Nathaniel Harris, the driver of the third automobile, and Haskelle M. Thompson, plaintiff's minor son who was the driver of plaintiff's automobile, alleging that, if he, Lassiter, was

negligent, then Nathaniel Harris and Haskelle M. Thompson were jointly and concurrently negligent with him and that such joint and concurring negligence, with the negligence of the defendant Lassiter, was also a proximate cause of such collision and damage as the plaintiff (Isaac Crawford) may have sustained. Nathaniel Harris and Haskelle M. Thompson were made parties defendant in order that the defendant Lassiter might litigate his right to contribution under the provisions of G.S. 1-240, in the event the plaintiff recovered a judgment against the defendant Lassiter.

The plaintiff in this action was appointed guardian *ad litem* for his son in the other action and filed an answer for and on behalf of Haskelle M. Thompson, alleging that the collision was caused solely by the negligence of the defendant Lassiter. The case was tried before a jury in August 1956 in the Superior Court of Mecklenburg County and the jury found the defendant Lassiter guilty of negligence and that the negligence of the defendants Haskelle M. Thompson and Nathaniel Harris concurred with the negligence of Lassiter in causing the plaintiff's injuries, and awarded the guest passenger Crawford the sum of $4,000.

A judgment was entered in accordance with the jury's verdict and in the present action the defendant Lassiter was permitted to amend his answer to allege the judgment in the Crawford case as a plea in bar or *res judicata* with respect to the present action.

Upon the foregoing facts the court held "the judgment entered in the civil action commenced by Isaac Crawford v. L. L. Lassiter, in which Haskelle M. Thompson was interpleaded for contribution and which cross-action was defended for the said Haskelle M. Thompson by A. M. Thompson, constitutes a bar to the maintenance of this proceeding by A. M. Thompson."

Plaintiff appeals, assigning error.

*Craighill, Rendleman & Kennedy for appellant.*
*Carpenter & Webb for appellee.*

DENNY, J. The sole question presented for determination on this appeal is this: Does the fact that a father acted as guardian *ad litem* for his minor son in defending a cross-action against the son (who was driving a family purpose automobile owned by the father), in an action in which a passenger in a third automobile was the plaintiff, and the defendant in this action was also the original defendant in the former action, make the decision on the cross-action in the former litigation binding on the father in an action to recover in his individual capacity for medical expenses and loss of earnings and services of the son and damage to his automobile?

The appellant is relying upon the decision in *Rabil v. Farris*, 213 N.C. 414, 196 S.E. 321, and similar cases, to obtain a reversal of the ruling below. The *Rabil case* and the decisions cited in support thereof dealt only with actions brought by a guardian or next friend for and on behalf of the infant, and held in such cases that the guardian or next friend was not a party to the action but that the infant was the real plaintiff. Therefore, when the father acted as guardian or next friend under those circumstances, the cases have held that he was not estopped from bringing an action to recover damages for expenses incurred and loss of services due to injuries to his minor child. It does not appear in the *Rabil case* or any of the other cases cited therein, that the father, acting as guardian or next friend of his infant child, was called upon to defend a cross-action against such child, or what effect an adverse verdict against the minor in such a cross-action would have had upon the question of *res judicata* with respect to the father's right to bring a separate suit for loss of services or medical expenses.

In this connection, however, we call attention to what was said in the case of *Johnston County v. Ellis*, 226 N.C. 268, 38 S.E. 2d 31, with respect to the comparable duties of a next friend and a guardian *ad litem*. The action was brought by the plaintiff to foreclose a tax lien, and without amending the pleadings or obtaining the consent of the court, a new and independent matter was brought in by an intervener and litigated. A next friend for certain minors in the tax case, either by express consent or consent implied through some failure on his part to act, permitted a judgment to be entered against said minors with respect to the independent cause of action. This Court said: "The Court is of the opinion that Ellis as next friend could give no consent, and that no implication arises of a consent which he was not capable of giving. Even if his powers and duties as next friend had been comparable to those of a guardian *ad litem*—which they were not—he would have had no power to consent to a judgment of this kind without special authority of the court; *Butler v. Winston*, 223 N.C. 421, 425, 27 S.E. 2d 124; and the judgment would have been invalid without it; but his office as next friend of his minor suitors did not extend to their general defense. . . . We think it essential to orderly procedure, and to the better protection of the rights of infants and other *non sui juris*, to adhere to the distinctions between next friends and guardians *ad litem* or general guardians traditional in our practice and formally recognized and implied in our statutes: G.S. 1-64; G.S. 1-65 to 1-67; McIntosh, Civil Procedure, pp. 237, 238, Secs. 253, 254. These distinctions stem mainly from the circumstance that a next friend is appointed to bring or prosecute some proceeding in which the infant suitor is plaintiff, or at least where some right is positively asserted; while a

guardian *ad litem* is appointed to defend. In legal effect, the distinctions are substantial and not merely formal."

We have held in several cases that the father of an injured minor may waive his right to recover for expenses incurred, in treating such child for his injuries, loss of time and diminished earning capacity during minority and permit the child to recover the full amount to which both would be entitled. Consequently, when a father institutes an action as next friend or guardian in behalf of his minor child and casts his pleadings and conducts the trial on the theory of the child's right to recover for medical expenses, loss of services or diminished earning capacity during minority as well as thereafter, he will be estopped from asserting a claim thereafter for such loss. *Pascal v. Transit Co.*, 229 N.C. 435, 50 S.E. 2d 534; *Shields v. McKay*, 241 N.C. 37, 84 S.E. 2d 286.

However, if a parent brings an action as next friend or guardian in behalf of a minor child and pleads as elements of damage the loss of earnings during minority, and expenditures for treatment of injuries sustained, the defendant may have such allegations stricken from the complaint for misjoinder of causes of action if the objection to the misjoinder is made in apt time. *Ellington v. Bradford*, 242 N.C. 159, 86 S.E. 2d 925.

It must be conceded that the relationship between the present plaintiff and the son, Haskelle M. Thompson, in the former action was not one of privity, but was that of principal and agent or master and servant. Ordinarily, where the principal or master is not a party to the suit against his agent or servant, and the principal or master does not participate in the defense of the action, he will not be estopped by the judgment. *Queen City Coach Co. v. Burrell*, 241 N.C. 432, 85 S.E. 2d 688. However, where the doctrine of *respondeat superior* is or may be invoked, the injured party may sue the agent or servant alone, and if a judgment is obtained against the agent or servant and such judgment is not satisfied, the injured party may bring an action against the principal or master. In such case, however, the recovery against the principal or master may not exceed the amount of the recovery against the agent or servant. *MacFarlane v. Wildlife Resources Com.*, 244 N.C. 385, 93 S.E. 2d 557; *Bullock v. Crouch*, 243 N.C. 40, 89 S.E. 2d 749; *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E. 2d 366, 141 A.L.R. 1164. On the other hand, if the agent or servant satisfies the judgment against him or obtains a verdict in his favor, no action will lie against the principal or master. *Pinnix v. Griffin, supra; Leary v. Land Bank*, 215 N.C. 501, 2 S.E. 2d 570; *Whitehurst v. Elks*, 212 N.C. 97, 192 S.E. 850. See also 50 C.J.S., Judgments, section 757, page 279, where the authorities are assembled.

In the case before us, we are not dealing with the ordinary relationship of parent and child on the question presented. A father's liability,

if any, under the family purpose doctrine, arises under the doctrine of *respondeat superior. Queen City Coach Co. v. Burrell, supra; Ewing v. Thompson,* 233 N.C. 564, 65 S.E. 2d 17; *Hawes v. Haynes,* 219 N.C. 535, 14 S.E. 2d 503; *Vaughn v. Booker,* 217 N.C. 479, 8 S.E. 2d 603; *Robertson v. Aldridge,* 185 N.C. 292, 116 S.E. 742; *Clark v. Sweaney,* 176 N.C. 529, 97 S.E. 474; *Brittingham v. Stadiem,* 151 N.C. 299, 66 S.E. 128.

Ordinarily, the plea of *res judicata* may be sustained only when there is an identity of parties, of subject matter, and of issues. *Reid v. Holden,* 242 N.C. 408, 88 S.E. 2d 125. Even so, there is a well established exception to this general rule. This Court, in the case of *Light Co. v. Insurance Co.,* 238 N.C. 679, 79 S.E. 2d 167, speaking through *Devin, C. J.,* said: "The principle invoked is stated in Restatement of Judgments, sec. 84, as follows: 'A person who is not a party but who controls an action, individually or in cooperation with others, is bound by the adjudications of litigated matters as if he were a party if he has a proprietary interest or financial interest in the judgment or *in the determination of a question of fact or a question of law with reference to the same subject matter, or transactions;* if the other party has notice of his participation, the other party is equally bound.'

"The rule is stated in 50 C.J.S. 318, as follows: 'A person who is neither a party nor privy to an action may be concluded by the judgment therein if he openly and actively, and with respect to some interest of his own, assumes and manages the defense of the action. A person who is not made a defendant of record and is not in privity with a party to the action may, as a general rule, subject himself to be concluded by the result of the litigation if he openly and actively, and with respect to some interest of his own, assumes and manages the defense of the action, although there is some authority to the contrary.' See also Freeman on Judgments, sec. 432; 30 A.J. 960." (Emphasis added.)

Likewise, with respect to the rule ordinarily requiring identity of parties, it is stated in 30 Am. Jur., Judgments, section 224, page 957, "These rules have been denied application, however, where a party to one action in his individual capacity and to another action in his representative capacity, is in each case asserting or protecting his individual rights." See also 30 Am. Jur., Judgments, section 248, page 977, and Anno.—Res Judicata—Participation in Suit, 139 A.L.R. 12, where the annotator cites hundreds of decisions from thirty-four State jurisdictions, Federal courts, and the District of Columbia, in support of the above view.

Certainly the plaintiff herein as guardian *ad litem* for his minor son in defending the cross-action in the case of *Crawford v. Lassiter* took every action he could have taken if he had been a defendant himself.

Furthermore, in his capacity as guardian *ad litem* for his son, in defending the cross-action he exercised complete control of his son's defense including the right of appeal. In doing so, he necessarily was defending the cross-action as much for his own protection as for that of his son. The mere fact that he was his son's guardian *ad litem* did not remove the factual existence of the relationship of principal and agent that existed between the father and the son with respect to the very matter in litigation. *Campbell v. Casualty Co.*, 212 N.C. 65, 192 S.E. 906; *Ocean Accident and Guarantee Corp. v. Felgemaker* (C.C.A. 6th Cir.), 143 F. 2d 950.

The facts in the case of *Queen City Coach Co. v. Burrell, supra,* are clearly distinguishable from the facts presented on this record. *Parker, J.,* in speaking for the Court in the *Burrell case,* said: "There is no allegation in the plea in bar that plaintiff here had anything to do with Canipe's case in Burke County, nor any evidence to that effect. . . . The present plaintiff was not a party to Canipe's action in Burke County. It had no control over the conduct of Canipe's trial; it could not cross-examine opposing witnesses, or offer witnesses of its own choice." However, all these rights and privileges were not only available to but exercised by the plaintiff herein as guardian *ad litem* of his minor son in the defense of the cross-action against his son in the previous litigation.

For the reasons stated, the judgment of the court below will be upheld.

Affirmed.