BLUE RIDGE SPORTCYCLE COMPANY, INC. AND JOHN K. JONAS, JR. v. LEONARD SCHROADER AND WIFE, KATHY SCHROADER, INDIVIDUALLY; SCHROADER MOTORCYCLE, INC. D/B/A SCHROADER HONDA-KAWASAKI; KATHERINE J. WALDROP; LINDA JANETTE HOLCOMBE; LARRY D. HOLCOMBE AND DENNIS J. WINNER

No. 8228SC76

(Filed 1 February 1983)

Attorneys at Law § 5.1— negligence of attorney in preparing release—release declared void—no actionable negligence

Plaintiffs failed to show actionable negligence on the part of an attorney in representing plaintiffs in a transaction concerning an improperly drawn release since the release was declared void and plaintiffs were then presented with recourse against other parties for the value of the leasehold improvements which were the subject of the release.

APPEAL by plaintiffs from *Ferrell, Judge*. Judgment entered 16 September 1981, in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 11 November 1982.

*Russell L. McLean, III, for plaintiff appellants.*

*Morris, Golding and Phillips, by William C. Morris, Jr., and John C. Cloninger, for defendant appellee Winner.*

JOHNSON, Judge.

Plaintiffs sued defendant Winner, an attorney, for negligence in representing plaintiffs in a transaction by which plaintiffs allegedly released other defendants from liability to plaintiffs without protecting plaintiffs' interests. From summary judgment entered for defendant Winner in 1980, plaintiffs appealed, but this Court dismissed the appeal as being premature. *Sportcycle Co. v. Schroader*, 53 N.C. App. 354, 280 S.E. 2d 799 (1981). Plaintiffs now appeal from final judgment, raising the issue of whether the earlier summary judgment in favor of Winner was appropriate. For the reasons set forth below, we hold that it was and we affirm.

I

On 17 February 1970, defendants Waldrop and Holcombe, lessees of a building in Asheville, sublet the property to Blue Ridge Sportcycle Company, Inc. (hereinafter "Blue Ridge"), the sole owner of which was Jonas. After subletting the property, Blue Ridge made additions to the building and effected other changes having an alleged total market value of $60,000.

On 28 August 1975, Blue Ridge assigned its sublease to R. C. Muse who agreed to pay $500 per month to Waldrop and Holcombe, and $500 per month for leasehold improvements to Blue Ridge. Around June 1976, plaintiffs and Muse negotiated for a new sublease to alter the method by which Muse paid defendants Waldrop and Holcombe but to continue making the $500 payments for leasehold improvements to Blue Ridge. Defendant Winner represented plaintiffs in these negotiations and prepared a release by which Blue Ridge acknowledged defaults in making lease payments to Waldrop and Holcombe and by which Blue Ridge and Waldrop and Holcombe released one another from "any and all claims and demands." Allegedly, there were other documents to be prepared and executed which would have protected Blue Ridge's interest in the leasehold improvements, but these documents were never executed.

In the fall of 1976, Muse sold his motorcycle business to defendants Schroader, who agreed to make the lease payments to Waldrop and Holcombe and to pay plaintiffs $500 per month for the leasehold improvements. Defendants Schroader made the $500 per month payments to plaintiffs through July 1977, but they thereafter ceased making the payments to Blue Ridge.

Plaintiffs sued the various parties, including attorney Winner. The claim against Winner was that he had negligently represented plaintiffs in the negotiations with Muse, allowing Blue Ridge to release Waldrop and Holcombe from all claims, presumably including plaintiffs' claim for payment for the leasehold improvements, without otherwise protecting Blue Ridge's right to such payments. As noted earlier, the trial court granted summary judgment in favor of defendant Winner in June 1980. In the judgment from which this appeal arose, the trial court found that the release prepared by defendant Winner and executed by plaintiffs and Waldrop and Holcombe was void for lack of consideration.

II

The motion for summary judgment of defendant Winner was properly granted in this case if the pleadings and depositions presented to the trial court showed that there was no genuine issue as to any material fact and that Winner was entitled to judgment as a matter of law. G.S. 1A-1, Rule 56; *Kessing v. Mortgage Corp.*, 278 N.C. 523, 534, 180 S.E. 2d 823, 830 (1971). A defendant may show as a matter of law that he is entitled to summary judgment in his favor by showing that there is no genuine issue of material fact concerning an essential element of the plaintiff's claim for relief and that the plaintiff cannot prove the existence of that element. *Best v. Perry*, 41 N.C. App. 107, 109, 254 S.E. 2d 281, 283 (1979).

Plaintiffs' action against Winner was for the alleged negligence of Winner in causing plaintiffs to sign a release which was part of a series of documents designed to protect plaintiffs and in causing the release to pass to Waldrop and Holcombe or their attorney without having all documents necessary to protect plaintiffs' rights executed and filed on plaintiffs' behalf. According to plaintiffs' complaint, because Waldrop and Holcombe were thus

In re Jackson

negligently released, plaintiffs suffered damages of $500 per month to March 1986.

Negligence, unless a proximate cause of injury, is not actionable. *McGaha v. Smoky Mountain Stages, Inc.*, 263 N.C. 769, 772, 140 S.E. 2d 355, 357 (1965). Injury, or damage, is an essential element of the tort.

In the present case, plaintiffs alleged that, *if* the release signed by them and granted to defendants Waldrop and Holcombe were valid, then defendant Winner, by negligently allowing the execution of the release without protecting plaintiffs' leasehold improvements interests, was liable for plaintiffs' injury. Such injury would have been clear, had the release been declared valid. The release, however, was declared void, allowing plaintiffs recourse against other parties for the value of the leasehold improvements. Plaintiffs, therefore, failed to allege that, under these circumstances, defendant Winner's negligence resulted in any damage to them. Their depositions showed no likelihood of damages. There being no injury, there was no actionable negligence, and defendant Winner was entitled to judgment as a matter of law.

Summary judgment in favor of defendant Winner is, therefore,

Affirmed.

Judges VAUGHN and WELLS concur.