**Albert Charles BURGESS, Jr., Plaintiff,**

v.

**Thomas J. ANDREWS, Defendant.**

### No. C–C–86–503–P.

United States District Court, W.D. North Carolina, Charlotte Division.

April 10, 1987.

Albert Charles Burgess, Jr., pro se.

R.C. Carmichael, Jr., Wade & Carmichael, Charlotte, N.C., for defendant.

### ORDER

ROBERT D. POTTER, Chief Judge.

Plaintiff has moved pursuant to Fed.R. Civ.P. 12(c) for judgment on the pleadings and pursuant to Fed.R.Civ.P. 56 for summary judgment. The Court finds that this action is not appropriate for a Rule 12(c) determination since the periods for receiving and considering pleadings had not closed at the time Plaintiff filed his Motion. In addition, the Court will consider matters outside the record, including affidavits and other orders, and will treat this matter under Rule 56.

This case arises out of the Defendant's alleged professional malpractice in failing to timely file a notice of appeal in one of Plaintiff's numerous previous actions, *Burgess v. Premier Athletic Products*, No. C–C–83–198–M ("Burgess I").

In that lawsuit, Plaintiff filed his pro se complaint on April 1, 1983, originally alleging that certain defendants violated federal antitrust laws; Plaintiff later abandoned those claims and amended his complaint on April 15, 1985 and July 29, 1985, to charge violations of 42 U.S.C. § 1983, and state

law claims for wrongful execution, malicious prosecution, abuse of process and unfair trade practices. In his amended complaint, Plaintiff also asserted diversity of citizenship as an additional basis for jurisdiction.

Plaintiff states in the present Complaint that he retained the Defendant in July or August of 1983 to represent him in Burgess I. On October 28, 1985, United States District Judge James B. McMillan dismissed Burgess I as untimely under the applicable statute of limitations. On November 8, 1985, Plaintiff filed a "Motion to Reconsider Order and Final Judgment and/or Motion for a New Trial," before Judge McMillan, which was denied on November 18, 1985. On November 29, 1985, Plaintiff filed a motion to extend the time for filing a notice of appeal. Judge McMillan denied that motion on December 12, 1985, and in his Order, cautioned Plaintiff that he would have "until December 19, 1985 (thirty days from the entry of the Court's November 19, 1985, Order) to file a Notice of Appeal." Plaintiff's "Notice of Appeal" was not filed, however, until December 20, 1985, one day beyond the expiration period. In filing his appeal, Plaintiff's attorney deposited the same in the mail on December 16, 1985, assuming the district court would receive it by December 19, 1985, an assumption which later proved to be erroneous. [Defendant's Exhibit No. 2, Affidavit of Thomas J. Andrews.]

On March 25, 1986, the United States Court of Appeals for the Fourth Circuit dismissed as untimely Plaintiff's appeal in Burgess I, Case No. C–C–83–198–M. *Burgess v. Premier Athletic Products*, No. 85–2300, slip op. (4th Cir. March 25, 1986). The court held that Plaintiff's Notice of Appeal did not fall within the thirty-day time limit imposed by Rule 4(a), and that Plaintiff also failed to file any motion for extension of time to file his appeal nor did he acknowledge the tardiness of his appeal in any manner which could be construed as a motion for an extension of time.

Plaintiff contends in his Motion for summary judgment that Defendant was negligent in the following ways: (1) failing to file an appeal in a timely manner, nor did he move for an extension of time due to excusable neglect within which to file an appeal; (2) failing to dismiss the original complaint in Case No. C–C–83–198–M and refile another action against the same defendants but including a proper basis for diversity jurisdiction; and, (3) failing to seek an amendment to Judge McMillan's Order to state that the dismissal of the state court claims was without prejudice and could be refiled within one year under N.C.R.Civ.P. 41.[1]

The pro se Motion states that the Court "need only read ..." the record and applicable case law to see that Defendant was negligent, that there are no material facts in dispute, and that as a matter of law, Plaintiff is entitled to judgment in his favor.

Defendant contends in his Response that under the relevant North Carolina case law, Plaintiff has failed to offer sufficient evidence to support his claims for professional malpractice, and therefore, genuine issues of material fact exist in this case and Plaintiff is not entitled to judgment as a matter of law.

At this juncture, the Court is concerned with the law of summary judgment, the law of attorney malpractice, and how these areas of law apply to the facts of this case as alleged by Plaintiff.

Fed.R.Civ.P. 56 states that a court may grant summary judgment if there is not a genuine issue as to any material fact and a party is entitled to a judgment as a matter of law. The evidence presented to the Court, including any legitimate inference, must be construed in the light most favorable to the non-moving party. *Taylor v. Chesapeake and Ohio Railway Co.*, 518 F.2d 536 (4th Cir.1975). The law of summary judgment generally requires that the party responding to a motion for summary

---

1. Plaintiff's third claim is included in his Motion to amend the Complaint which the Court will grant; as the Federal Rules of Civil Procedure favor liberality in amendments and Defendant has voiced no objection to such an amendment.

judgment set forth "countervailing evidence establishing a genuine factual dispute." *See, Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 848 (3d Cir.1974); and *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

In the case of *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E.2d 355 (1985), the North Carolina Supreme Court concisely set forth the elements a plaintiff must prove in a case such as this.

> In a professional malpractice case predicated upon a theory of an attorney's negligence, the plaintiff has the burden of proving by the greater weight of the evidence: (1) that the attorney breached the duties owed to his client, as set forth by *Hodges*, 239 N.C. 517, 80 S.E.2d 144, and that this negligence (2) proximately caused (3) damages to the plaintiff.

*Id.* at 329 S.E.2d 355, 366.

The duties an attorney owes to his client, as set forth in *Hodges v. Carter*, 239 N.C. 517, 80 S.E.2d 144 (1954), and referred to in *Rorrer*, include:

> (1) he possesses the requisite degree of learning, skill, and ability necessary to the practice of his profession and which others similarly situated ordinarily possess; (2) he will exert his best judgment in the prosecution of the litigation entrusted to him; and (3) he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application ·of his knowledge to his client's cause. [Citations omitted.]

*Id.* at 239 N.C. 517, 519, 80 S.E.2d 144.

These cases are, as should be expected, consistent with the general hornbook law on negligence, which requires that for a plaintiff to prevail on a negligence theory he must prove the four essential elements of: (1) duty, (2) breach, (3) injury, and (4) causation.

With respect to each of the claims of negligence, the Court is of the opinion that Plaintiff has failed to establish that no material facts are at issue and that he is entitled to judgment as a matter of law, particularly when all legitimate inferences are construed in the light most favorable to Defendant. Plaintiff has offered no evidence on the duty of attorneys similarly situated to Defendant under the circumstances complained of in each of his three claims.

As to Plaintiff's claim that Defendant was negligent in failing to dismiss the original complaint in Burgess I, and then refile another asserting the proper basis of diversity of citizenship, Plaintiff has hardly established that no material facts are at issue. By Plaintiff's own admission, he did not retain Defendant until four or five months after he filed the original complaint; Plaintiff offers no factual support that he could have obtained a dismissal at that time, or that he would have been better off by such a dismissal. Indeed, the application of Rule 41 to Plaintiff's case at that time may have been fatal to any legal assertions he hoped to make.· Further, the record shows that Judge McMillan's dismissal of Burgess I was primarily based on the application of the relevant statute of limitations to the § 1983 claim. Judge McMillan determined that there existed no independent basis for diversity over the state law claims because at the time of filing his original complaint, Plaintiff was a North Carolina resident suing a group of defendants that included two North Carolina corporations. Plaintiff's complaint in Burgess I and his affidavit filed in support of the instant Motion state that he believed he was a North Carolina resident when he filed the Burgess I complaint; but, the Plaintiff incredibly attempts to retract the significance of his own admissions by his convoluted account that, "By that, I meant to refer to my citizenship and residence at the time of the acts alleged in the Complaint, and not at the time of the filing of the Complaint. Those acts did occur before September 1979, when I moved to South Carolina, but the Complaint was not filed until after I had resumed South Carolina residence and citizenship." [Affidavit of

Plaintiff, ¶ 9.] Plaintiff's representations on this matter are so convoluted and incredible that they deserve no further discussion, other than the Court's conclusion that Plaintiff severely fails to show genuine factual issues exist of Defendant's alleged negligence.

The second claim of negligence due to Defendant's failure to file a timely appeal of the Burgess I dismissal likewise is far from Rule 56 summary judgment standards. The only fact not at issue on this claim is that Defendant failed to file the appeal in a timely manner, and this fact is admitted by Defendant in a letter he wrote to Plaintiff on May 26, 1986. [Exhibit A of Complaint.] That, however, does not establish negligence. On the element of injury to Plaintiff from Defendant's alleged negligence, the general rule is that before an attorney's negligence in failing to obtain appellate review or a new trial can be held actionable the plaintiff must show that if the appeal or new trial had been obtained a judgment more favorable to the plaintiff would have resulted. Annotation, *Attorney's Liability for Negligence in Preparing or Conducting Litigation*, 45 A.L.R.2d 5, 55 (1956). The North Carolina Court of Appeals has dismissed a similar action because the plaintiff failed to prove injury or damages from the alleged negligence of the attorney defendant. *See, Blue Ridge Sportcycle Co., Inc. v. Schroader*, 60 N.C. App. 578, 299 S.E.2d 303 (1983). In this case, Plaintiff has a long way to go before showing how an appeal of Judge McMillan's October 28, 1985 Order would have resulted in a more favorable judgment. Plaintiff has stated that "this court ... has doubts as to the wisdom of Judge McMillan's order dismissing the claim." [Traverse of Plaintiff, p. 2.] Plaintiff's conclusion is based on the Court's footnote in *Burgess v. Equilink Corp.*, 652 F.Supp. 1422 ("Burgess II") stating that "[t]he Court does, however, note that Plaintiff's assertion regarding the date of accrual of his state claims raises significant questions." Burgess II, p. 3. For Plaintiff's own clarification, it is the wisdom of Plain-

tiff's assertions that the Court questions, not Judge McMillan's determination that Plaintiff's state claim accrued on February 2, 1979. Again, Plaintiff's conclusory allegations are severely misplaced under the standards for Rule 56 relief.

The final claim that Defendant acted negligently in not seeking an amendment to Judge McMillan's Order also is not supported by any evidence of an attorney's duties under similar circumstances, or whether a breach of that duty caused injury to Plaintiff. Plaintiff's unsubstantiated claim assumes that his state law claims accrued on May 4, 1982, an assumption which runs opposite to Judge McMillan's conclusion that the claims accrued on February 2, 1979. Plaintiff does not meet his burden under Rule 56 on this claim.

█ Having determined summary judgment for the Plaintiff to be inappropriate, the Court turns its discussion to other matters in this case which deserve attention. First, the Court believes to facilitate the litigation of this case the parties ought to address the applicability of N.C.R.Civ.P. 8(a)(2) to Plaintiff's prayers for relief against Defendant. Rule 8(a)(2) prohibits prayers for relief in professional malpractice actions which ask for a sum certain in excess of $10,000, and under *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this state requirement is applicable to this case. *See DiAntonio v. Northampton-Accomack Memorial Hospital*, 628 F.2d 287, 190 (4th Cir.1980); and *Richards & Associates, Inc. v. Boney*, 604 F.Supp. 1214, 1218 (E.D.N.C.1985). The parties should also review the cases of *Jones v. Boyce*, 60 N.C.App. 585, 299 S.E.2d 298 (1983), and *Harris v. Maready*, 311 N.C. 536, 319 S.E.2d 912 (1984), among others dealing with this issue. It is ironic and unfortunate that defense counsel has not raised this issue before now. Nonetheless, in the interest of justice, the Court feels it ought to be addressed as it is plain that Plaintiff improperly pleaded, and both parties ought to be afforded the opportunity to present their contentions.

Second, it appears from the records of the Clerk's Office that Plaintiff has since April 1980 instituted 43 actions in this District, many more than most experienced federal trial lawyers are involved in during the same amount of time. By virtue of the mere number of actions which Plaintiff has instituted, the Court believes he has achieved some familiarity and experience with the Federal Rules of Civil Procedure as well as a fair amount of substantive law. Therefore, it is not unfair to expect of such an advanced pro se litigant a certain degree of effort and preparation in his pleadings, and this Court does not feel that Plaintiff's pro se status relieves him from the same burdens imposed upon any other plaintiff in a civil case.

Finally, Plaintiff has filed a list of 13 persons, most of whom are faculty members of North Carolina law schools, that he wishes the Court to subpoena to trial. As a basis for this extravagant request, Plaintiff asserts that, as an in forma pauperis, pro se litigant, under 28 U.S.C. § 1941, he may call witnesses as in any other case.

Plaintiff is proceeding as a pauper under 28 U.S.C. § 1915, not § 1941, based upon an Application filed November 5, 1986, signed and sworn to under penalty of perjury that he owns no real estate, stocks, bonds, notes, automobiles, or other valuable property and that his only source of income is $26 per month from Sumter County, South Carolina. Presently, the Court accepts Plaintiff's pauper application as facially true. That does not mean, however, that the Court is going to start granting broad unsubstantiated requests such as the present one. The Court will subpoena Plaintiff's proposed witnesses after it is satisfied of the reasonableness for each request. Plaintiff should, among other things, correspond with his proposed witnesses to determine their availability, and what witnesses are actually necessary to the trial of his case.

IT IS, THEREFORE, ORDERED that:

(1) Plaintiff's Motion for summary judgment is *DENIED;* and

(2) The parties are directed to promptly file pleadings on the applicability of N.C.R.Civ.P. 8(a)(2) to this case.