EDITH C. GOINS, WIDOW OF GURNEY L. GOINS, DECEASED, EMPLOYEE, PLAINTIFF
v. CONE MILLS CORPORATION, EMPLOYER, AND LUMBERMEN'S MU-
TUAL CASUALTY COMPANY, CARRIER, DEFENDANTS

No. 8710IC1100

(Filed 3 May 1988)

**Judgments § 36; Master and Servant § 93— workers' compensation—lifetime bene-
fits awarded to husband—wife not collaterally estopped from pursuing death
benefits claim**

    In an action for death benefits pursuant to N.C.G.S. § 97-38, plaintiff wife
was not collaterally estopped to prove that her husband was totally disabled at
the time of his death by a finding in an award of lifetime benefits to her hus-
band for temporary total disability that the husband had reached the end of
the healing period before his death, although plaintiff continued to pursue the
husband's claim for lifetime benefits after his death and withdrew an appeal
from that claim, since plaintiff was not a party to or in privity with a party to
the earlier action and did not present evidence or control the litigation in the
earlier action.

APPEAL by plaintiff from Opinion and Award of the In-
dustrial Commission entered 20 May 1987. Heard in the Court of
Appeals 12 April 1988.

Plaintiff's late husband, Gurney L. Goins, was posthumously
awarded compensation for temporary total disability from 9 Sep-
tember 1978 to 13 February 1979 and for permanent loss of im-
portant internal organs, the lungs. After Mr. Goins' death, the
Industrial Commission denied plaintiff's claim for death benefits
under G.S. 97-38. Plaintiff appeals.

*Turner, Enochs, Sparrow, Boone & Falk, P.A., by Peter F.
Chastain and Laurie S. Truesdell, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by J. Donald Cowan, Jr., and
Caroline H. Wyatt, for defendants-appellees.*

SMITH, Judge.

For approximately thirty years, Mr. Goins was employed by
defendant Cone Mills Corporation at its White Oak plant in
Greensboro in various capacities in the weave room. On 18 March
1980, Mr. Goins filed a claim seeking compensation for disability
resulting from an occupational disease caused by exposure to cot-
ton dust. A hearing was held on 12 March 1981. Before the opin-

ion was entered, Mr. Goins died on 12 December 1981. Plaintiff informed the Deputy Commissioner that she would continue to pursue Mr. Goins' claim and also filed a claim for death benefits under G.S. 97-38. At the Deputy Commissioner's request, the parties agreed to allow the Commissioner to decide only the claim for lifetime benefits. The request was granted with the understanding, evidenced by a letter from plaintiff's counsel to Commissioner Roney and a statement to that effect in Commissioner Roney's opinion, that the death benefits claim would not be prejudiced by his determination of Mr. Goins' lifetime benefits claim. On 13 December 1982, Deputy Commissioner Roney filed an Opinion and Award finding Mr. Goins reached the end of the healing period on 13 February 1979. Mr. Goins' personal representative was awarded a lump sum payment of $3,451.76 for temporary total disability from 9 September 1978 to 13 February 1979, $11,000.00 compensation for permanent loss of important internal organs (the lungs), medical expenses and counsel fees. Plaintiff gave notice of appeal to the Full Commission but later withdrew the appeal.

On 7 February 1985, Deputy Commissioner Bryant entered an award granting plaintiff compensation pursuant to G.S. 97-38 from 14 February 1979 until her death or remarriage as well as attorney's fees and Mr. Goins' medical and burial expenses. Defendants appealed to the Full Commission.

On 20 May 1987, the Full Commission entered an Opinion and Award denying plaintiff's claim for death benefits under G.S. 97-38. The Commission concluded it was bound by Commissioner Roney's finding that Mr. Goins was temporarily totally disabled and determined that plaintiff was estopped to prove that Mr. Goins was permanently totally disabled.

Plaintiff sought compensation under G.S. 97-38 for death proximately resulting from an occupational disease. A dependent may recover under the statute as it was written at the time of Mr. Goins' death "[i]f death results proximately from the accident and within two years thereafter, or while total disability still continues and within six years after the accident, or while total disability still continues and within two years of the final determination of total disability, whichever is later." G.S. 97-38. An "accident" in an occupational disease case occurs on the date the disability occurs. *Booker v. Medical Center*, 297 N.C. 458, 256 S.E.

2d 189 (1979). We note that the statute has been amended for death claims arising on or after 5 August 1987, to change the time limits and to provide recovery for death proximately resulting from accident or occupational disease. 1987 N.C. Sess. Laws, c. 729, s. 9. G.S. 97-38 (Supp. 1987). Plaintiff may recover under the statute existing at Mr. Goins' death if she can prove that she was Mr. Goins' dependent, that his death proximately resulted from the accident (the disability from occupational disease), and that his death occurred within the time limits set forth.

The Commission concluded plaintiff was not entitled to compensation under G.S. 97-38. The Commission determined that "plaintiff was . . . barred and collaterally estopped from relitigating those issues which had previously been litigated and decided by . . . [C]ommissioner Roney, whose Opinion and Award, unappealed from, [was] final, conclusive, and binding." Accordingly, the Commission found that although Mr. Goins was totally disabled from chronic obstructive pulmonary disease when he quit work on 8 September 1978, he reached the end of the healing period for treatment of the disease on 13 February 1979. Thus, Mr. Goins' death was not within the time limits set by former G.S. 97-38. His death occurred over three years after the disability arose, and although he died within six years of the onset of the disability, he was not totally disabled at his death. Therefore, the Commission concluded that plaintiff was not entitled to compensation under the statute.

Plaintiff contends the Commission was not bound by Commissioner Roney's determination of temporary total disability ending on 13 February 1979 and assigns error to this conclusion and to the Commission's failure to find Mr. Goins was totally disabled at the time of his death. We hold the Industrial Commission erred in concluding plaintiff was collaterally estopped by Commissioner Roney's determination in his Opinion on the lifetime benefits claim. Accordingly, we reverse and remand the case for a determination of whether plaintiff is entitled to benefits under G.S. 97-38.

Under the principle of collateral estoppel, "parties and parties in privity with them—even in unrelated causes of action—are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior deter-

mination." *King v. Grindstaff,* 284 N.C. 348, 356, 200 S.E. 2d 799, 805 (1973). A companion doctrine to *res judicata,* which bars every ground of recovery or defense which was actually presented or which could have been presented in the previous action, collateral estoppel bars only those issues actually decided which were necessary to the prior finding or verdict. *Id.* Like *res judicata,* collateral estoppel only applies if the prior action involved the same parties or those in privity with the parties and the same issues. *Id.* In the context of collateral estoppel and *res judicata,* the term privity indicates a mutual or successive relationship to the same property rights. *Moore v. Young,* 260 N.C. 654, 133 S.E. 2d 510 (1963). An exception to the general requirement of privity exists where one not actually a party to the previous action controlled the prior litigation and had a proprietary interest in the judgment or in the determination of a question of law or facts on the same subject matter. In such a case, the one who was not a party to the prior action is bound by the previously litigated matters as if he had been a party to that action. *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E. 2d 492 (1957).

In *Thompson,* the plaintiff was his son's guardian *ad litem* in a previous case against the son and the present defendant. In the first suit, the son and the present defendant were found negligent in causing a third party's injuries in an automobile accident. In plaintiff's action for damages to his car and for expenses of his son's injuries arising out of the same accident, the court found plaintiff was estopped to relitigate the issue of his son's negligence. *Id.* The relationship of father and son was that of principal and agent, giving rise to liability under the doctrine of *respondeat superior. Id.* The father, in complete control of defending the previous action, was protecting his own interests as well as his son's. "The mere fact that he was his son's guardian *ad litem* did not remove the factual existence of the relationship of principal and agent that existed between the father and son with respect to the very matter in litigation." *Id.* at 40, 97 S.E. 2d at 497.

In this case, plaintiff is not collaterally estopped to litigate the issue of total permanent disability. She was not a party to the claim for her husband's lifetime benefits nor was she in privity with a party to that claim. She does not have a mutual interest in the same property rights as contemplated by *Moore v. Young, supra.* Mr. Goins' claim was for lifetime benefits. Plaintiff's claim,

which did not arise until Mr. Goins' death, was for benefits under G.S. 97-38. It is true that plaintiff continued to pursue Mr. Goins' claim for lifetime benefits and that she withdrew the appeal of that claim. However, she was not in control of the prosecution of the claim as contemplated by *Thompson v. Lassiter, supra.* She did not have complete control of the prior action; at the hearing on Mr. Goins' claim, he was the only witness and controlled the litigation. Plaintiff had no opportunity to present evidence or direct the course of the litigation. "It is elementary and fundamental that every person is entitled to his day in court to assert his own rights or to defend against their infringement." *Shaw v. Eaves*, 262 N.C. 656, 662, 138 S.E. 2d 520, 526 (1964). Plaintiff is not bound by Commissioner Roney's determination that Mr. Goins reached the end of the healing period before his death. The Commission may consider additional evidence and make its own determination of whether Mr. Goins was totally disabled at his death and thus whether plaintiff is entitled to benefits under G.S. 97-38.

In view of our decision, it is not necessary to consider the other issues raised by the parties in their briefs. The case is reversed and remanded to the Industrial Commission for proceedings consistent with this opinion.

Reversed and remanded.

Judges JOHNSON and PHILLIPS concur.