MATTHEW HOWARD YORK, BY AND THROUGH HIS GENERAL GUARDIAN, SHIRLEY C. YORK v. NORTHERN HOSPITAL DISTRICT OF SURRY COUNTY; RICHARD R. GUIDETTI, M.D. AND PIEDMONT ANESTHESIA ASSOCIATES, P.A.

No. 8817SC1422

(Filed 5 December 1989)

**Judgments § 36.1 (NCI3d) — medical malpractice — birth injuries — action by individual parents — action for infant's injuries — not res judicata**

An action to recover for birth injuries by a minor through his guardian, his mother, was not barred by res judicata or collateral estoppel in that an earlier action by the mother ended with the verdict of no negligence on the part of defendants. Collateral estoppel only applies if the prior action

involved the same parties or those in privity with them as well as the same issues, and one who conducts a suit as a guardian or next friend for an infant is not a party of record. The parents were the plaintiffs in the prior action and the minor is the plaintiff in this case; he is not a party to his mother's claims in the prior action nor was he in privity with her. The exception for a person who is not a party to an action but who effectively controls the litigation does not apply because the minor had no control over or opportunity to control the prior action in which his mother was a plaintiff.

**Am Jur 2d, Infants § 215; Physicians, Surgeons, and Other Healers § 307.**

APPEAL by plaintiff from *Mills, F. Fetzer, Judge.* Summary judgment entered in SURRY County Superior Court in favor of defendants, Richard R. Guidetti, M.D. and Piedmont Anesthesia Associates, P.A. on 4 August 1988. Partial summary judgment entered in favor of defendant Northern Hospital District of Surry County on 13 September 1988. On 28 November 1988 plaintiff and defendant Hospital entered into a settlement agreement and release and plaintiff filed a voluntary dismissal with prejudice as to defendant Hospital. Heard in the Court of Appeals 24 August 1989.

Plaintiff appeals from a grant of summary judgment in favor of defendants. Defendants cross-assign as error the trial court's failure to grant their motion to dismiss plaintiff's appeal based on plaintiff's alleged violation of N.C. Rule of Appellate Procedure 3(a).

This case arises from birth injuries sustained by the minor plaintiff, Matthew Howard York, on 30 June 1981. Matthew York suffered permanent and irreversible brain damage as a result of these injuries. Matthew York's mother, Shirley York, also sustained personal injuries during the course of his delivery. On 22 May 1984 Mrs. York was appointed general guardian for her son. In June 1987, Shirley York and Donald Matthew York, plaintiff's father, in their individual capacities, filed separate actions against defendants in this case. Shirley York sought recovery for her own personal injury, for the recovery of medical expenses incurred on behalf of her child, and for the loss of the child's services until he reached his majority. Donald York sought recovery for medical expenses incurred on behalf of his minor child, for the loss of the child's

YORK v. NORTHERN HOSPITAL DISTRICT

[96 N.C. App. 456 (1989)]

services until he reached his majority and for loss of consortium arising as a result of his wife's injuries. These actions were consolidated for trial and on 27 March 1987 the jury returned a verdict of no negligence on the part of any of the defendants. The presiding judge, the Honorable Julius A. Rousseau, Jr., entered final judgment on the jury's verdict on 5 May 1987. Mr. and Mrs. York appealed to this Court which found no error with respect to the claims against defendants Guidetti or Piedmont, nor with respect to claims against defendant Hospital for damages arising out of the personal injuries sustained by Mrs. York. A new trial was granted on Mr. and Mrs. York's claims against defendant Hospital for loss of services and medical expenses of their son. *York v. Northern Hosp. Dist.*, 88 N.C. App. 183, 362 S.E.2d 859 (1987). Mr. and Mrs. York next filed a petition for discretionary review, which was denied by the North Carolina Supreme Court. *York v. Northern Hosp. Dist.*, 322 N.C. 116, 367 S.E.2d 922 (1988).

The present case was filed on 21 May 1987. The minor plaintiff seeks to recover for his injuries including medical expenses, lost wages and pain and suffering. After our Supreme Court denied Mr. and Mrs. York's petition for discretionary review in the prior action, Dr. Guidetti and Piedmont filed their motion for summary judgment. Following a hearing held on 18 July 1988, the trial court granted defendants' motion for summary judgment based on *res judicata* or collateral estoppel. From this order entered 4 August 1988 plaintiff appeals.

*Daniel J. Park for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James G. Billings and John D. Madden, for defendant-appellees.*

WELLS, Judge.

Summary judgment should be granted when there is no genuine issue of material fact requiring a trial and one party is entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1983). These defendants are entitled to summary judgment if the pleadings and other materials before the court show that the judgment in the prior action between Mr. and Mrs. York and the defendants is binding on the issue of defendants' liability in this case.

Plaintiff contends the judgment in the first action is not binding on the issue of defendants' liability in the second action. We agree.

"*Res judicata* deals with the effect of a former judgment in favor of a party upon a subsequent attempt by the other party to relitigate the *same cause of action." King v. Grindstaff*, 284 N.C. 348, 355, 200 S.E.2d 799, 804 (1973) (emphasis added). *See also Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 349 S.E.2d 552 (1986) (discussing application of res judicata and collateral estoppel). When a court of competent jurisdiction has entered a final judgment on the merits in an action, *res judicata* bars subsequent litigation of the same claim by the original parties or their privies. *King*, 284 N.C. at 355, 200 S.E.2d at 804-5 and cases cited therein. *Res judicata* bars every ground of recovery or defense which was actually presented or which could have been presented in the previous action. *Goins v. Cone Mills Corp.*, 90 N.C. App. 90, 367 S.E.2d 335, *disc. rev. denied*, 323 N.C. 173, 373 S.E.2d 108 (1988). *Res judicata* is inapplicable in this case because the present action seeks to recover for Matthew York's personal injuries, [his] medical expenses after reaching eighteen, and [his] lost wages and pain and suffering. The claims in the prior action were for Shirley York's personal injuries, loss of services of her minor child, and medical expenses incurred on behalf of her minor child, and for Donald York's loss of consortium, loss of services of his minor child, and medical expenses incurred on behalf of his minor child. While these claims arise from the same occurrence, they nevertheless constitute separate causes of action.

Collateral estoppel, a companion principal to *res judicata*, bars parties and those in privity with them from retrying *issues* that were fully litigated in a prior action. *Id.* at 92, 367 S.E.2d at 336; *King*, 284 N.C. at 356, 200 S.E.2d at 805. (Emphasis added.) Collateral estoppel bars only those issues actually decided and necessary to the prior verdict. *King*, 284 N.C. at 356, 200 S.E.2d at 805; *Goins*, 90 N.C. App. at 93, 367 S.E.2d at 337. Collateral estoppel is applicable to unrelated claims or causes of action as long as the prior action involved the same parties as well as the same issues. *Goins*, 90 N.C. App. at 92-3, 367 S.E.2d at 337.

Our courts have historically recognized that when a minor child is injured by the negligence of another, two causes of action arise: (1) An action on behalf of the child to recover damages for pain and suffering, permanent injury and impairment of earning capacity after attaining majority; and (2) an action by the parent for (a) loss of the services and earnings of the child during minority and (b) expenses incurred for necessary medical treatment for the

child's injuries. *Kleibor v. Rogers*, 265 N.C. 304, 144 S.E.2d 27 (1965) (citations omitted); 3 *R. Lee, North Carolina Family Law*, § 241 (4th ed. 1981).

The question presented in this case is whether plaintiff is barred from relitigating in this action the issue of defendants' negligence as the basis of recovery for his own injury and damages. Since collateral estoppel only applies if the prior action involved the same parties or those in privity with them, as well as the same issues, the question of whether plaintiff Matthew York is estopped from relitigating the issue of defendants' negligence depends on whether the identity of parties element has been met. Specifically, we focus on whether the identity of parties element of collateral estoppel is met when one serving in a representative capacity for an infant brings suit after an adverse decision on the same issue was rendered in a suit brought against the same defendants in one's individual capacity.

Our Supreme Court has held that one who conducts a suit as guardian or next friend for an infant is not a party of record, but that the infant himself is the real plaintiff. *Rabil v. Farris*, 213 N.C. 414, 196 S.E. 321 (1938) (citations omitted). Likewise, the court has said that a father appointed to serve as next friend for his son was an officer appointed by the court to protect his son's interest and was not a party in the legal sense. *Krachanake v. Manufacturing Co.*, 175 N.C. 435, 95 S.E. 851 (1918).

Shirley and Donald York were the plaintiffs in the prior action; Matthew York is the plaintiff in this case. He was not a party to his mother's claims in the prior action nor was he in privity with her. The fact that Mrs. York now represents the interests of her son in her capacity as guardian does not alter Matthew York's status as the real plaintiff in this action.

An exception to the general requirement of identity of parties exists when a person who is not a party to the action effectively controls the litigation. When the control exception applies, one found to have "controlled" the prior action is barred from subsequent litigation concerning the same issue or claim. Defendants contend that Shirley York should be estopped from bringing this suit on behalf of Matthew York based on this control exception. They cite *Thompson v. Lassiter*, 246 N.C. 34, 97 S.E.2d 492 (1957), in support of their position.

In *Thompson* a father was appointed his minor son's *guardian ad litem* in order to defend him in a negligence action. The son was involved in a collision while driving the family car. The father was later estopped from bringing a claim in his individual capacity based on the control exception. The court in *Thompson* stressed that the father's position as *guardian ad litem* did not remove the factual existence of a principal agent relationship based on the family purpose doctrine and *respondeat superior*.

This case is readily distinguishable from *Thompson*. In *Thompson* the father, who appeared in his representative capacity in the first action and in his individual capacity in the second action, controlled both actions. In this case, the real plaintiff, the minor Matthew Howard York, had no control over, or opportunity to control, the prior action in which his mother was a plaintiff.

The Restatement addresses the inapplicability of the control exception to a person serving in a representative capacity: "A person who undertakes to control litigation on behalf of another is affected only in the capacity in which he does so. . . . [A] person controlling an action in his individual capacity is not bound when in later litigation he appears in his capacity as a representative for another." *Restatement (Second) of Judgments*, § 39 comment e (1982). Other jurisdictions are in accord with this position. *See generally Gorski v. Deering*, 465 N.E.2d 759 (1984) (identity of parties element of collateral estoppel is not met where a litigant sues as an individual in one action and in a representative capacity in another); *Whitehead v. General Telephone Co. of Ohio*, 20 Ohio St. 2d 108, 254 N.E.2d 10 (1969) (collateral estoppel does not bar a minor's action, by parent as next friend, for personal injuries following parents' unsuccessful action on same claim when child and parents were not in privity, child was not a real party to former suit and child had no control over that litigation); *Smittle v. Eberle*, 353 P.2d 121 (1960) (a parent who, as next friend of his minor child, brings a personal injury action is not regarded as a party or privy and is not estopped from bringing a subsequent action for consequential damages resulting from the child's injuries).

We agree with plaintiff that the control exception, without more, does not apply to one who serves in a representative capacity for an infant. If there had been another person acting as guardian for Matthew York, the control issue would not arise on these facts. *See, e.g., Thompson v. Hamrick*, 23 N.C. App. 550, 209 S.E.2d

305 (1974) (the fact that minor plaintiff's father was a party in a prior action with defendant was irrelevant to minor's right to prosecute, through his *guardian ad litem,* his separate cause of action). We therefore agree with plaintiff that the coincidence of his mother's previous litigation is not a sufficient basis for foreclosing this infant's opportunity to have his day in court.

By cross-assignment of error, defendants contend that their motion to dismiss this appeal was improperly denied by the trial court. They have filed no separate motion to dismiss in this Court. We have carefully considered this question, and based on the record in this case, we agree with the trial court that plaintiff's appeal was not subject to dismissal.

For the reasons stated, the order of summary judgment is

Reversed.

Judges PHILLIPS and PARKER concur.