WILLIAM BRIAN HALES AND DONNA HALES, PLAINTIFF-APPELLANTS v.
NORTH CAROLINA INSURANCE GUARANTY ASSOCIATION,
DEFENDANT-APPELLEE

No. 9210SC654

(Filed 7 September 1993)

**Judgments § 259 (NCI4th)— effectiveness of automobile liability policy—insured and injured passenger in privity—judgment in insured's action res judicata in passenger's action**

Where plaintiff passenger was injured in a 1985 accident due to the negligence of his brother in the operation of their father's car, a 1985 declaratory judgment in an action instituted by the father found that an automobile liability policy issued to the father was not in effect at the time of the accident, plaintiff obtained a judgment in 1987 against his father and brother awarding him damages for his injuries, and the insurer thereafter became insolvent, plaintiff's 1991 action against the N.C. Insurance Guaranty Association seeking a judgment declaring that the father's automobile liability policy was in effect on the date of the accident and that the Association is obligated to pay the policy limits to plaintiff was barred under the doctrine of *res judicata* by the 1986 judgment in the father's action since the 1986 judgment constituted a determination on the merits of the same claim, *i.e.*, whether the policy was in effect at the time of the accident, and plaintiff is in privity with the father because he is a third-party beneficiary of the father's automobile policy.

**Am Jur 2d, Insurance § 2054; Judgments § 551 et seq.**

Appeal by plaintiffs from order entered 20 April 1992 by Judge George R. Greene in Wake County Superior Court. Heard in the Court of Appeals 24 May 1993.

This is a declaratory judgment action in which plaintiffs seek to recover from the North Carolina Guaranty Association ("the Association") under an automobile liability insurance policy originally issued by Interstate Casualty Insurance Company ("Interstate"). This suit is one of a series of actions arising from an automobile accident which occurred on 29 May 1985. William Brian Hales ("Brian Hales") sustained injuries in the accident which allegedly occurred due to negligence on the part of Brian's brother, Robert Allen

Hales, who was operating an automobile owned by their father, William I. Hales.

On 21 November 1985, William I. Hales filed an action entitled "William I. Hales v. Interstate Casualty Insurance Company," File No. 85-CVS-2142, in Wayne County Superior Court seeking a declaratory judgment that the Interstate policy was in force on the date of the accident. Interstate defended on the grounds that the policy was not in effect on the date of the accident. On 24 March 1986, summary judgment was granted in favor of Interstate.

Subsequently, on 11 February 1987 an action was brought in Wayne County Superior Court entitled "William Brian Hales, a minor, by and through his Guardian Ad Litem, Marie Davis and Donna Hales, Individually, v. Robert Allen Hales and William Irvin Hales," File No. 87-CVS-269, seeking damages from Robert Hales and William I. Hales for Brian's injuries and medical expenses. On 6 June 1987, a default judgment was entered awarding Brian $75,000.00 as compensation for his injuries and Donna Hales $17,758.00 for Brian's medical expenses.

On 25 February 1988, a suit entitled "William Brian Hales, a minor by and through his Guardian Ad Litem, Marie Davis, and Donna Hales, Individually, v. Interstate Casualty Insurance Company, Cotton Insurance and Realty, Inc., and William C. Shackelford," File No. 88-CVS-323, was filed in Wayne County Superior Court. This suit also alleged that the Interstate policy was in effect on the date of the accident and sought to recover the amounts awarded as damages in the action against Robert Hales and William I. Hales. Before this suit was concluded as to Interstate, however, the company was declared insolvent and a liquidation order was entered on 9 April 1990 in Wake County Superior Court. The liquidation order had the effect of staying the suit against Interstate.

The present action was instituted in Wake County Superior Court on 21 November 1991. Plaintiffs again seek a judgment declaring that Interstate's policy was in effect on the date of the accident and, consequently, that the Association is obligated to pay the limits of Interstate's coverage ($25,000.00) pursuant to the provisions of the North Carolina Insurance Guaranty Association Act, G.S. § 58-48-1, *et seq.* The Association answered, asserting, *inter alia*, that plaintiffs' claims had been determined by the judgment entered in "William I. Hales v. Interstate Casualty Insurance Com-

pany," Wayne County File No. 85 CvS 2142, and that the judgment was *res judicata* on the issue of coverage.

Both parties moved for summary judgment. The trial court granted the Association's motion for summary judgment on the ground of *res judicata*. Plaintiffs appeal.

> *Mast, Morris, Schulz & Mast P.A., by Bradley N. Schulz and George B. Mast, for plaintiff-appellants.*

> *Moore & Van Allen, by Joseph W. Eason and Christopher J. Blake, for defendant-appellee.*

MARTIN, Judge.

The determinative issue on appeal is whether the 1986 judgment in the declaratory judgment action brought by William I. Hales against Interstate bars plaintiffs' claims against the Association in the present case under the doctrine of *res judicata*. We hold that it does.

The law with respect to summary judgment is well established. " 'Where a motion for summary judgment is granted, the critical questions for determination upon appeal are whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law.' " *Smith v. Jack Eckerd Corp.*, 101 N.C. App. 566, 568, 400 S.E.2d 99, 100 (1991), *quoting Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, 276 S.E.2d 283 (1981). To meet this burden, the defendant must show as a matter of law that it is entitled to summary judgment in its favor by showing that there is no genuine issue of material fact concerning an essential element of the plaintiff's claim for relief and that the plaintiff cannot prove the existence of that element. N.C. Gen. Stat. § 1A-1, Rule 56 (1990); *Blue Ridge Sportcycle Co. v. Schroader*, 60 N.C. App. 578, 299 S.E.2d 303 (1983). Also, a defendant is entitled to summary judgment if he can show that no claim for relief exists or that the plaintiff cannot overcome an affirmative defense or legal· bar to a claim. *Wilder v. Hobson*, 101 N.C. App. 199, 398 S.E.2d 625 (1990).

When a court of competent jurisdiction has entered a final judgment on the merits in an action, the doctrine of *res judicata* bars subsequent litigation of the same claim by the original parties or their privies. *York v. Northern Hospital District*, 96 N.C. App.

456, 386 S.E.2d 99 (1989), *disc. review denied*, 326 N.C. 601, 393 S.E.2d 892 (1990). To prevail on the doctrine of *res judicata*, a party must show the following: (1) a previous suit resulted in a final judgment on the merits, (2) the present suit involves the same cause of action, and is (3) between the same parties or those in privity with them. *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 429, 349 S.E.2d 552, 557 (1986).

A declaratory judgment has the force and effect of a final judgment or decree. *McCabe v. Dawkins*, 97 N.C. App. 447, 388 S.E.2d 571, *disc. review denied*, 326 N.C. 597, 393 S.E.2d 880 (1990); N.C. Gen. Stat. § 1-253 (1983). William I. Hales' complaint for declaratory relief filed in 1985 involves the same cause of action as plaintiff's complaint for declaratory judgment filed in 1991 as both actions seek to have the insurance policy at issue declared effective on 29 May 1985. The declaratory judgment in favor of Interstate in the earlier action constitutes a determination on the merits of the same claim, i.e., whether the policy was in effect on 29 May 1985. The first two requirements for application of the doctrine of *res judicata* are clearly met in this case.

With respect to the requirement that the present action must involve the same parties as the previous action, or those in privity with them, a court will place substance over form and look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest. *King v. Grindstaff*, 284 N.C. 348, 357, 200 S.E.2d 799, 806 (1973). Privity exists where there is a mutual or successive relationship to the same property rights. *Masters v. Dunstan*, 256 N.C. 520, 124 S.E.2d 574 (1962); *Goins v. Cone Mills Corp.*, 90 N.C. App. 90, 367 S.E.2d 335, *disc. review denied*, 323 N.C. 173, 373 S.E.2d 108 (1988). A party is privy if their interest has been legally represented in the prior proceeding. *Masters*, at 526, 124 S.E.2d at 578.

In the present case, plaintiffs are in privity with William Hales. Plaintiffs have judicially admitted in prior pleadings, contained in the record in this case, that they are third party beneficiaries under the Interstate policy issued to Mr. Hales. The law implies privity of contract between the intended third-party beneficiary and the contracting party. *Coastal Leasing Corp v. O'Neal*, 103 N.C. App. 230, 405 S.E.2d 208 (1991); *Johnson v. Wall*, 38 N.C. App. 406, 248 S.E.2d 571 (1978). This privity of contract between

William Hales and plaintiffs at bar indicates a mutual or successive relationship to the same rights under the Interstate insurance policy. With respect to these rights, in his declaratory judgment action in 1985, William Hales sought to have the trial court declare his Interstate policy to be in effect on 29 May 1985 and to recover damages for Brian's injuries. Thus, plaintiffs' interests were legally represented in the 1985 action. G.S. § 58-48-35(a)(2) provides that defendant Association "shall have all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent." Accordingly, all requirements for privity are satisfied.

Therefore, plaintiffs' claims are barred by *res judicata* and the trial court properly granted the Association's motion for summary judgment.

Affirmed.

Chief Judge ARNOLD and Judge ORR concur.