IN RE: THE ESTATE OF DORA JONES TUCKER TRULL, DECEASED

No. 8720SC82

(Filed 7 July 1987)

**Courts § 6.3— appeal from clerk to superior court—timeliness**

  The judge of the superior court erred in denying respondent's motion to dismiss the appeal from the order of the clerk denying petitioner's motion to

have respondent removed as executor of an estate, since the notice of appeal was not timely given as provided by N.C.G.S. § 1-272.

Judge PHILLIPS concurring in the result.

APPEAL by respondent from *Wood, Judge*. Orders entered 12 September 1986 in Superior Court, STANLY County. Heard in the Court of Appeals 10 June 1987.

This appeal arises from the denial of a motion made before the Clerk of Superior Court pursuant to G.S. 28A-9-1 to revoke the letters testamentary of respondent, Jonas H. Tucker. The record before us discloses the following uncontroverted facts: Dora Trull died testate on 20 March 1986. Respondent was designated as executor of her estate in her will and qualified as executor on 10 April 1986. On 22 May 1986, the petitioner, Calvin C. Tucker, filed a motion before the clerk to have respondent removed as executor. On 18 June 1986, after a hearing, the clerk announced his decision to deny the motion and directed the attorney for the respondent to prepare the order. On 7 July 1986, the clerk signed and filed the order denying the motion. The order recites that it was entered by the clerk on 18 June 1986. On 18 July 1986, the movant filed a written notice of appeal to the superior court from the order of the clerk signed and filed on 7 July 1986.

On 12 September 1986, after a hearing, Superior Court Judge William Z. Wood entered an order denying respondent's motion to dismiss the appeal to the superior court. On the same date, Judge Wood made findings of fact, conclusions of law and entered an order removing respondent as executor of the Estate of Dora Trull. Respondent appealed to this Court.

*William C. Tucker for petitioner, appellee.*

*David A. Chambers for respondent, appellant.*

HEDRICK, Chief Judge.

The determinative question raised on this appeal is whether the judge of the superior court erred in denying respondent's motion to dismiss the appeal from the order of the clerk denying petitioner's motion to have respondent removed as executor of Dora Trull's estate. If the judge of the superior court erred in denying the motion to dismiss the appeal from the clerk, he had no

authority to enter the order removing the executor, and such order must be vacated.

Appeals from the clerk to the judge of superior court in probate matters are controlled by G.S. 1-272, which, in pertinent part, provides:

> An appeal must be taken within 10 days after the entry of the order or judgment of the clerk upon due notice in writing to be served on the appellee and a copy of which shall be filed with the clerk of the superior court. But an appeal can only be taken by a party aggrieved, who appeared and moved for, or opposed, the order or judgment appealed from, or who, being entitled to be heard thereon, had no opportunity of being heard, which fact may be shown by affidavit or other proof.

Upon an appeal from an order of the clerk in a probate proceeding to remove an executor or administrator, the jurisdiction of the judge of superior court is derivative. *In re Estate of Lowther*, 271 N.C. 345, 156 S.E. 2d 693 (1967). Jurisdiction in these matters cannot be exercised by the judge of superior court except upon appeal. *Id.*

Petitioner, respondent, and the judge of the superior court in this case seem to attach great significance to whether the order of the clerk denying petitioner's motion to remove respondent as executor of the estate was entered on 18 June 1986 or 7 July 1986. While the answer to this question is not determinative of the issue raised by this appeal, we are of the opinion that the clerk's order was "entered" when the clerk announced after the hearing on 18 June 1986 that he would deny the petition. The party aggrieved by the ruling, the petitioner, was present and even excepted to the order and he, in our opinion, had ten days thereafter to give notice of appeal pursuant to G.S. 1-272. Assuming, however, that the order was entered on 7 July 1986, the notice of appeal given on 18 July 1986 was not given within ten days.

The superior court judge in his order denying the motion to dismiss the appeal from the clerk indicated that the time within which to give notice of appeal did not begin to run until the clerk filed the order denying the petition and mailed it to the appellee in accordance with G.S. 1A-1, Rule 58. This rule has no application

---

*In re James S.*

---

in this case. Rule 58 applies to judgments and orders entered in civil cases in district and superior court. G.S. 1A-1, Rule 1.

We hold the superior court judge erred in not allowing the respondent's motion to dismiss the appeal from the clerk because notice of appeal was not timely given as provided by G.S. 1-272 and that the superior court had no authority to enter the order removing the executor of the estate. Such order must be vacated, and this proceeding will be remanded to the superior court for entry of an order dismissing the appeal from the clerk and reinstating respondent as executor of the estate of Dora Trull.

Vacated and remanded.

Judge ORR concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in the result.

While I agree that respondent's appeal from the Clerk's order was not timely in any event and thus the Superior Court had no jurisdiction to hear the matter, I am of the opinion that good grounds existed for Judge Wood's finding that the order was "entered" on 7 July 1986.