WALTER LEE CLINE, D/B/A FAYETTEVILLE BAIL BONDING, PLAINTIFF V.
CHARLIE T. McCULLEN, JR., DEFENDANT

No. COA00-1411

(Filed 28 December 2001)

**Wrongful Interference— interference with business rela-
tions—collateral estoppel—res judicata—bail bondsman**

The trial court did not err by granting defendant clerk of
superior court's motion to dismiss plaintiff licensed bail bonds-
man's interference with business relations claim under N.C.G.S.
§ 1A-1, Rule 12(b)(6) based on defendant's actions in suspending
the ability of plaintiff's licensed bail bond runner to write bonds
in the pertinent county, because: (1) privity between plaintiff and
his licensed bail bond runner means the doctrines of res judicata
and collateral estoppel barred plaintiff's claim since the bond
runner's prior lawsuit against defendant was for the lost profits of
plaintiff; (2) even if plaintiff's actions were not barred by res judi-
cata and collateral estoppel, there were no allegations that
defendant harbored any ill-will towards plaintiff or the bond
runner, or that defendant's actions were self-serving; and (3)
defendant's actions were not a complete bar to plaintiff con-
ducting business in that county since defendant only ordered sus-
pension of plaintiff's bond runner until his criminal charges were
resolved and plaintiff could have continued conducting
his business in that county through the assistance of another
agent.

Appeal by plaintiff from order filed 30 May 2000 by Judge Russell
J. Lanier, Jr. in Sampson County Superior Court. Heard in the Court
of Appeals 8 October 2001.

*Jack E. Carter, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General C.
Norman Young, Jr., for defendant-appellee.*

CAMPBELL, Judge.

Plaintiff appeals from an order dismissing his interference with
business relations claim against defendant pursuant to Rules 12(b)(1)
and 12(b)(6) of the North Carolina Rules of Civil Procedure. We
affirm.

Plaintiff is a licensed bail bondsman in North Carolina with his principal place of business in Cumberland County. Plaintiff also issues bail bonds in other North Carolina counties, including Sampson County. During all times relevant to this action, plaintiff conducted his business in Sampson County through Herbert S. Tindall ("Tindall"), a licensed bail bond runner, who had the authority to write bonds on behalf of plaintiff. Tindall was plaintiff's only bail bond runner in Sampson County.

In September of 1997, while in the employment of plaintiff, Tindall was charged with felony possession of cocaine and misdemeanor possession of drug paraphernalia. Upon learning of these charges, defendant, the elected Clerk of Superior Court for Sampson County, instructed the Sampson County Magistrate's Office to suspend Tindall's ability to write bonds in Sampson County until March of 1998 when the felony charges against him were dismissed and he pled guilty to the misdemeanor. Defendant believed that as the Clerk of Court, he was lawfully authorized to make this decision.

Tindall subsequently filed an action against defendant in his official capacity based on defendant's refusal to allow him to write bonds in Sampson County. The court dismissed Tindall's action on or about 4 May 1999.

Thereafter, plaintiff filed a complaint against defendant on 2 November 1999 alleging that "from September 9, 1997 until March 27, 1998 the Plaintiff was prevented from doing business in Sampson County, North Carolina and as a direct result of the actions of the Defendant, the Plaintiff was unable to use his agent to write bail bonds in Sampson County, North Carolina . . . ." The complaint further alleged that defendant's actions "were taken in his private capacity" with "reckless disregard for the rights of the Plaintiff and directly interfered with the Plaintiff's ability to conduct his business in Sampson County, North Carolina."

On 27 November 1999, defendant submitted a motion to dismiss plaintiff's action (accompanied by a supporting brief) pursuant to: (I) Rule 12(b)(1) because plaintiff failed to allege injury or damages sufficient to invoke the jurisdiction of the court; and (II) Rule 12(b)(6) for failure to state a claim upon which relief could be granted because plaintiff's action was barred by the doctrines of *res judicata* and collateral estoppel. On 30 May 2000, the trial court filed a written order granting both of defendant's motions by holding that plaintiff's suit was precluded because: (I) plaintiff was in privity with Tindall under

the doctrines of *res judicata* and collateral estoppel; and (II) defendant was entitled to both sovereign and quasi-judicial immunities because he was a judicial officer engaged in a governmental function. Plaintiff appeals this order.

Although the trial court granted defendant's Rule 12(b)(1) motion for lack of subject matter jurisdiction and Rule 12(b)(6) motion to dismiss, plaintiff argues only that the court erred in granting defendant's Rule 12(b)(6) motion. We disagree.

In reviewing a Rule 12(b)(6) motion, a court must determine "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 300, 435 S.E.2d 537, 541 (1993) (citation omitted), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 519 (1994). The trial court may grant this motion if "there is a want of law to support a claim of the sort made, an absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim." *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 123, 401 S.E.2d 133, 135 (1991) (citation omitted). However, a claim should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*

The central issue presented to this Court on appeal is whether privity existed between plaintiff and Tindall, his agent, which allowed the trial court to properly dismiss plaintiff's action based on the doctrines of *res judicata* and collateral estoppel. We conclude that there was privity between them.

The doctrines of *res judicata* and collateral estoppel are companion doctrines developed by the courts "for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." *Bockweg v. Anderson*, 333 N.C. 486, 491, 428 S.E.2d 157, 161 (1993). Under the doctrine of *res judicata*, sometimes referred to as "claim preclusion," "a final judgment on the merits in a prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). Under the doctrine of collateral estoppel, sometimes referred to as "issue preclusion," "parties and parties in privity with them—even in unrelated causes of action—are precluded from retrying fully liti-

gated issues that were decided in any prior determination and were necessary to the prior determination." *King v. Grindstaff,* 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973) (citations omitted).

"Like *res judicata,* collateral estoppel only applies if the prior action involved the same parties or those in *privity* with the parties and the same issues." *Goins v. Cone Mills Corp.,* 90 N.C. App. 90, 93, 367 S.E.2d 335, 337 (1988) (citing *King,* 284 N.C. at 356, 200 S.E.2d at 805) (emphasis added).

> As this Court has recognized, the meaning of 'privity' for purposes of *res judicata* and collateral estoppel is somewhat elusive. Indeed, '[t]here is no definition of the word 'privity' which can be applied in all cases.' The prevailing definition that has emerged from our cases is that 'privity' for purposes of *res judicata* and collateral estoppel 'denotes a mutual or successive relationship to the same rights of property.'

*State ex rel. Tucker v. Frinzi,* 344 N.C. 411, 416-17, 474 S.E.2d 127, 130 (1996) (citations omitted).

In the case *sub judice,* Tindall was a bond runner for plaintiff and received a fifty percent commission on all bonds written by him in Sampson County. As a bond runner, Tindall "execute[ed] bonds on behalf of the licensed bondsman when the power of attorney has been duly recorded." N.C. Gen. Stat. § 58-71-1(9) (1999). Tindall's rights to his commission were granted to him based on the power of attorney he received from plaintiff. Therefore, in Tindall's earlier lawsuit against defendant, he was in essence suing for the lost profits of plaintiff from whom he derived his commission. This successive or mutual relationship in the same rights in property establishes that the interests of both Tindall and plaintiff are so intertwined that privity exists between them.

Additionally, privity also exists where one not actually a party to the previous action controlled the prior litigation and had a proprietary interest in the judgment or in the determination of a question of law or facts on the same subject matter. *Thompson v. Lassiter,* 246 N.C. 34, 97 S.E.2d 492 (1957). In such a case, the one who was not a party to the prior action is bound by the previously litigated matters as if he had been a party to that action. *Id.* In its order, the trial court in this case found that plaintiff was aware of Tindall's earlier lawsuit because he had attended a law office meeting with Tindall and defendant's counsel to discuss Tindall's case. The court further found

CLINE v. McCULLEN

[148 N.C. App. 147 (2001)]

that plaintiff was "actively involved in the discussions that took place in that meeting." Although there is insufficient evidence to show that plaintiff controlled the prior litigation between Tindall and defendant, the court's findings do establish that plaintiff had a substantial interest, which in light of the fifty-fifty sharing of commission, constituted a proprietary interest in the judgment. Thus, these findings can be used to support our earlier determination that plaintiff and Tindall were in privity.

However, even if plaintiff's actions were not barred by *res judicata* and collateral estoppel because he and Tindall were not in privity with one another, the trial court's dismissal of this action was still proper.

Article I, section 1 of North Carolina's State Constitution "creates a right to conduct a lawful business or to earn a livelihood that is 'fundamental' for purposes of state constitutional analysis." *Treants Enterprises, Inc. v. Onslow County*, 83 N.C. App. 345, 354, 350 S.E.2d 365, 371 (1986), *aff'd*, 320 N.C. 776, 360 S.E.2d 783 (1987). In order "to maintain an action for interference with business relations in North Carolina, plaintiff[] must show that defendant[] 'acted with malice and for a reason not reasonably related to the protection of a legitimate business interest of [defendant].' " *Cameron v. New Hanover Memorial Hospital*, 58 N.C. App. 414, 439, 293 S.E.2d 901, 916 (1982) (quoting *Smith v. Ford Motor Co.*, 289 N.C. 71, 94, 221 S.E.2d 282, 296 (1976)). "Malice in law is not necessarily personal hate or ill will, but it is that state of mind which is reckless of law and of the legal rights of the citizen." Black's Law Dictionary with Pronunciations 956-57 (6th ed. 1990).

In the present case, plaintiff's complaint alleged that defendant had no authority to prevent plaintiff's agent from engaging in the bail bonding business in Sampson County because that authority rests solely with the Commissioner of Insurance. *See* N.C. Gen. Stat. § 58-71-80 (1999). It further alleged that defendant's actions were taken with reckless disregard of plaintiff's rights and directly interfered with plaintiff's ability to conduct business in Sampson County. However, there were no allegations that defendant harbored any ill will towards plaintiff or Tindall, or that his actions were self-serving. Additionally, defendant's actions were not a complete bar to plaintiff conducting business in Sampson County; defendant only ordered suspension of plaintiff's agent from writing bonds in Sampson County until his criminal charges were resolved. Plaintiff could have continued conducting his business in Sampson County through the as-

sistance of another agent. Thus, plaintiff's allegations fail to establish any malice or reckless disregard on the part of defendant.

Since the grounds for affirming the trial court's order can be supported by addressing only the Rule 12(b)(6) motion and this is the only motion against which plaintiff brought forth arguments, we need not address the Rule 12(b)(1) motion. Additionally, there are adequate grounds to affirm the order without addressing the other issues argued by plaintiff involving whether defendant was entitled to sovereign immunity and/or quasi-judicial immunity. Thus, for the aforementioned reasons, the trial court did not err in granting defendant's motion to dismiss plaintiff's claim.

Affirmed.

Chief Judge EAGLES and Judge HUDSON concur.