578 S.E.2d 599 (2003)
Louis DALENKO, an incompetent by Interim General Guardian, Carol Bennett and Carol Bennett, individually, Plaintiffs,
v.
WAKE COUNTY DEPARTMENT OF HUMAN SERVICES, Thomas W. Hogan, Director, and Susan Harmon, Social Worker and Individual, Lou A. Newman, a Professional, Defendants.
No. COA02-377.
Court of Appeals of North Carolina.
April 1, 2003.
*601 Carol Bennett, pro se, Knightdale, for plaintiff-appellants.
Lou Newman, pro se, for defendant-appellee; and Deputy Wake County Attorney Corinne G. Russell, Raleigh, for defendant-appellees Department of Human Services and Susan Harmon.
MARTIN, Judge.
Plaintiff Carol Bennett, in her capacity as personal representative for the estate of her father, Louis Dalenko ("Dalenko"), appeals the dismissal of her amended complaint for its failure to state a claim for relief against Wake County Department of Human Services ("DHS"), Susan Harmon ("Harmon") in her official and individual capacities, and Lou Newman ("Newman") as Dalenko's court-appointed guardian ad litem. In her capacity as personal representative, plaintiff also appeals the entry of an order requiring that she post prosecution bonds as security for costs. Plaintiff individually appeals the entry of an order awarding sanctions and attorney's fees against her upon a finding that her individual action is wholly frivolous.
The instant action, which plaintiff initiated by the filing of a complaint on 26 May 2000, is a re-filing of an action against defendants which plaintiff filed on behalf of Dalenko as an incompetent on 7 December 1998. Both actions arose out of defendants' initiation of incompetency and guardianship proceedings as to Dalenko and their subsequent intervention in plaintiff's care of Dalenko. Plaintiff took a voluntary dismissal without prejudice of her 7 December 1998 action on 26 May 1999. Subsequently, upon motion of defendant Newman, the trial court ordered plaintiff to pay attorney's fees as a sanction upon its finding that plaintiff's 7 December 1998 complaint lacked any justiciable issue of law or fact and that plaintiff had failed to make a reasonable inquiry into the allegations of the complaint. Plaintiff appealed that order, and on 2 October 2001, this Court affirmed the lower court's award of sanctions and upheld its determination that the complaint was legally implausible on its face. See Bennett v. Harmon, 146 N.C.App. 447, 554 S.E.2d 420 (unpublished, No. COA00-1055, 2 October 2001).
While that appeal was pending, plaintiff initiated this action with the filing of a more detailed complaint in May 2000, followed by an amended complaint on 5 February 2001. By order entered 21 February 2001, following Dalenko's death in January 2001, plaintiff was substituted as plaintiff as the personal representative of his estate. The amended complaint alleged the same claims of negligence against defendants as the December 1998 complaint, although through more detailed allegations. In essence, the amended complaint alleged, inter alia, that plaintiff was providing appropriate care for Dalenko, who was elderly, in poor health, and lived with plaintiff; that defendants unjustifiably initiated incompetency and guardianship proceedings and conspired to separate plaintiff from Dalenko; that throughout the proceedings, defendants misrepresented the facts to the court and used coercive tactics on Dalenko's health care providers in an effort to separate plaintiff and Dalenko; that due to these misrepresentations, plaintiff was ordered to allow defendants unlimited access to Dalenko without interference, and DHS was appointed interim guardian of Dalenko in charge of his health care; that defendants' presence, as well as the presence of other health care workers in plaintiff's home invaded plaintiff's and Dalenko's privacy; that defendants attempted to remove Dalenko from *602 plaintiff's home against his will with the assistance of local authorities resulting in great emotional distress to plaintiff and Dalenko; and that defendant Newman negligently failed to fulfill her duty to Dalenko as guardian ad litem by failing to advocate for his best interests.
On 21 February 2001, the trial court entered an order dismissing the amended complaint insofar as it contained plaintiff's individual claims due to her failure to post prosecution bonds in accordance with a previous order. Plaintiff has not appealed that dismissal. On 27 June 2001, upon motion of defendants, the trial court entered an order dismissing the amended complaint, insofar as it attempted to assert claims on behalf of Dalenko pursuant to Rule 12(b)(6) of the Rules of Civil Procedure for the failure of the complaint to state a claim for relief. The trial court also entered orders on that date awarding prosecution bonds and awarding judgment in favor of defendants for sanctions and attorney's fees against plaintiff individually for the failure of the amended complaint to state any issue of justiciable law or fact, and because plaintiff's multiple filings in the matter were frivolous and "interposed for the improper purposes of harassment and to cause unnecessary delay and increased costs of litigation."
Plaintiff appeals from the 27 June 2001 orders dismissing the complaint, awarding prosecution bonds, and awarding sanctions and attorney's fees. Plaintiff has filed two briefs on appeal: a brief in her capacity as personal representative of Dalenko's estate in which she assigns error to the dismissal of the amended complaint and the order awarding prosecution bonds, and a brief on her own behalf, appealing from the order awarding sanctions and attorney's fees to defendants.
As an initial matter, defendants have filed several motions to dismiss plaintiff's appeal, individually and as personal representative for Dalenko, for numerous violations of the Rules of Appellate Procedure and because the issues presented by her appeal are moot in the face of our prior decision affirming the trial court's determination that plaintiff's claims were legally implausible.
As to plaintiff's individual appeal from the order awarding sanctions and attorney's fees, the record confirms the presence of several flagrant rules violations, including plaintiff's failure to timely file her appellant's brief despite obtaining several extensions of time in which to do so. Plaintiff sought and received four extensions of time before filing an 88-page brief, which was stricken by the Court on 4 September 2002. She was ordered to file a brief in compliance with the appellate rules no later than 9 September 2002. Plaintiff failed to comply with this order, but obtained another extension of time to file her brief no later than 4 October 2002. She did not file her brief until 7 October 2002, and did not seek an additional extension of time within which to file it. In light of the numerous opportunities to timely file a brief in compliance with the appellate rules, and plaintiff's repeated failure to do so, her appeal is subject to dismissal. Defendants' motion to dismiss plaintiff's individual appeal is allowed. See N.C.R.App. P. 25.
Although plaintiff, in her representative capacity, has also violated the Rules of Appellate Procedure in the filing of the appeal and brief as to the claims asserted on behalf of Dalenko, plaintiff obtained only one extension of time in which to file that brief, the brief was filed within 4 days of the deadline, and plaintiff asserted and documented the reason for the delay. Therefore, although the Dalenko appeal is also subject to dismissal for rules violations, we elect to exercise our discretion and review the matter on its merits. See N.C.R.App. P. 2. We also disagree that the appeal has been rendered moot in light of our prior decision, as that holding addressed only the issue of sanctions, and although plaintiff's claims are essentially the same in both cases, the amended complaint at issue here is significantly more detailed than that in the prior action.

I.
Plaintiff first argues the trial court erred in dismissing the amended complaint for its failure to state a claim on behalf of Dalenko *603 upon which relief may be granted. Defendants counter that dismissal was appropriate as to DHS and Harmon in her official capacity under the doctrine of sovereign immunity; that dismissal as to Harmon individually was proper under the doctrine of public official immunity; and that dismissal was proper as to Newman under the doctrine of quasi-judicial immunity. We agree with defendants.
"In reviewing a Rule 12(b)(6) motion, a court must determine `whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not.'" Cline v. McCullen, 148 N.C.App. 147, 149, 557 S.E.2d 588, 590 (2001) (citation omitted). "The trial court may grant this motion if `there is a want of law to support a claim of the sort made, an absence of facts sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim.'" Id. (citation omitted).
"Sovereign immunity ordinarily grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from law suits." Paquette v. County of Durham, ___ N.C.App. ___, ___, 573 S.E.2d 715, 717 (2002). "The rule of sovereign immunity applies when the governmental entity is being sued for the performance of a governmental, rather than proprietary, function." Id. That entity may waive its sovereign immunity through actions such as the purchase of liability insurance. Id. "Unless waived, `the immunity provided by the doctrine [of sovereign immunity] is absolute and unqualified.'" Midgett v. N.C. DOT, 152 N.C.App. 666, 667, 568 S.E.2d 643, 645 (citation omitted), cert. denied, 356 N.C. 438, 572 S.E.2d 786 (2002). "In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity. Absent such an allegation, the complaint fails to state a cause of action." Paquette, ___ N.C.App. at ___, 573 S.E.2d at 717 (holding trial court did not err in dismissing complaint where it failed to specifically allege county waived its sovereign immunity); see also, e.g., Vest v. Easley, 145 N.C.App. 70, 74, 549 S.E.2d 568, 573 (2001) ("It is well-established law that with no allegation of waiver in a plaintiff's complaint, the plaintiff is absolutely barred from suing the state and its public officials in their official capacities in an action for negligence.").
The amended complaint in the present case does not allege a waiver of defendants' sovereign immunity. Therefore, the complaint fails to state a claim for relief against DHS and Harmon in her official capacity. See Harwood v. Johnson, 326 N.C. 231, 237, 388 S.E.2d 439, 443 (where suit cannot be maintained against governmental entity, suit may not be maintained against employee of that entity for actions taken in employee's official capacity), reh'g denied, 326 N.C. 488, 392 S.E.2d 90 (1990). Although plaintiff maintains the allegations of the amended complaint establish a "special relationship" between defendants and Dalenko which pierces their immunity, such an exception applies to the public duty doctrine, not sovereign immunity.
We further agree with defendants that Harmon as an individual is protected by public official immunity. A public official is one who "exercises some portion of sovereign power and discretion, whereas public employees perform ministerial duties." Mabrey v. Smith, 144 N.C.App. 119, 122, 548 S.E.2d 183, 186, disc. review denied, 354 N.C. 219, 554 S.E.2d 340 (2001). The complaint alleges Harmon is a social worker for DHS. Pursuant to G.S. § 108A-14, Harmon has the statutory authority to exercise discretion in that capacity. See N.C. Gen.Stat. § 108A-14(b) (2002); Hobbs v. North Carolina Dep't of Human Resources, 135 N.C.App. 412, 520 S.E.2d 595 (1999) (holding social workers for county social services are public officials). Moreover, the complaint alleges Harmon took various actions in her capacity as social worker for DHS that clearly required the exercise of discretion and were not simply ministerial. Therefore, Harmon is considered a public official for purposes of immunity.
A public official may not be held individually liable for mere negligence, but may only be liable where her conduct is *604 malicious, corrupt, or outside the scope of her authority. Mabrey, 144 N.C.App. at 122, 548 S.E.2d at 186. A review of the amended complaint in this case shows plaintiff's claims are based on pure negligence. The complaint does not allege Harmon acted maliciously or corruptly as to Dalenko. The complaint also does not allege facts which would support a legal conclusion that any of Harmon's actions as to Dalenko, even if negligent, were outside the scope of her duties as an employee of DHS.
Although well-pleaded factual allegations of the complaint are treated as true for purposes of a 12(b)(6) motion, "`"conclusions of law or unwarranted deductions of facts are not admitted."'" Lloyd v. Babb, 296 N.C. 416, 427, 251 S.E.2d 843, 851 (1979) (citations omitted). "Thus, while we are to treat as true plaintiffs' factual allegations, it is our task to determine whether these allegations as a matter of law demonstrate the adequacy, or lack thereof, of legal administrative remedies." Id.; see also Meyer v. Walls, 347 N.C. 97, 114, 489 S.E.2d 880, 890 (1997) (conclusory allegation that public official acted willfully and wantonly insufficient to overcome motion to dismiss). Although the complaint includes an allegation that Harmon's negligence as to Dalenko was "outside the scope of [her] authority," we are not required to treat this allegation of a legal conclusion as true. We conclude the allegations of the complaint are legally insufficient to overcome Harmon's public official immunity for her allegedly negligent actions as to Dalenko done in the performance of her duties as a social worker for DHS. Accordingly, the trial court did not err in dismissing plaintiff's complaint as against Harmon individually.
The trial court also properly dismissed the complaint against defendant Newman. The complaint alleges that at all times relevant, Newman was a guardian ad litem for Dalenko, and that she was so appointed by the court upon the filing of a petition for adjudication of incompetence as to Dalenko. As such, Newman is entitled to quasi-judicial immunity.
"Quasi-judicial immunity is an absolute bar, available for individuals in actions taken while exercising their judicial function.... `Quasi-judicial "decisions involve the application of ... policies to individual situations rather than the adoption of new policies."'" Vest, 145 N.C.App. at 73-74, 549 S.E.2d at 572 (citations omitted). Although the courts of this State have not yet specifically addressed whether guardians ad litem perform judicial functions such that they are entitled to quasi-judicial immunity, several other courts, including the United States Court of Appeals for the Fourth Circuit, have held that guardians ad litem are entitled to the absolute bar of quasi-judicial immunity.
In Fleming v. Asbill, 42 F.3d 886 (4th Cir.1994), the Fourth Circuit upheld the district court's determination that a guardian ad litem, as an actor in the judicial process, was entitled to quasi-judicial immunity. The Court noted the policy reasons behind its holding, stating "`[a] guardian ad litem must... be able to function without the worry of possible later harassment and intimidation from dissatisfied [parties]. Consequently, a grant of absolute immunity would be appropriate. A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate ... in judicial proceedings.'" Id. at 889 (citation omitted). Several other federal courts and state supreme courts have also held guardians ad litem, as well as social caseworkers, to be entitled to immunity in their various capacities. See, e.g., Miller v. Gammie, 292 F.3d 982 (9th Cir.2002); Lambert v. McGinnis, 2000 WL 33682695, 2000 U.S. Dist. LEXIS 11848 (E.D.N.C.2000), affirmed, 225 F.3d 654 (4th Cir.2000); McKay v. Owens, 130 Idaho 148, 937 P.2d 1222 (1997); Richards v. Bruce, 1997 ME 61, 691 A.2d 1223 (1997); Lythgoe v. Guinn, 884 P.2d 1085 (Alaska 1994); Barr v. Day, 124 Wash.2d 318, 879 P.2d 912 (1994).
The allegations of the amended complaint at issue here establish that at all relevant times, Newman was engaged in her quasi-judicial duties as a court-appointed guardian ad litem, and all claims against Newman arise out of the performance of her duties in that capacity. We hold, agreeing with the *605 policy reasons set forth by the Fourth Circuit in Fleming, that Newman is entitled to quasi-judicial immunity to the extent she was an actor in the judicial process vested with the ability to make decisions and apply policies to Dalenko's individual circumstance. This immunity is absolute, and accordingly, plaintiff cannot state a claim for relief against Newman as guardian ad litem.

II.
Plaintiff next argues the trial court lacked subject matter jurisdiction to enter an order requiring that, as Dalenko's personal representative, she post $20,000 in prosecution bonds pursuant to G.S. § 1-109. After hearing arguments, the trial court informed the parties that it would render decisions at a later date. Its orders, including the order awarding prosecution bonds, were entered out of session approximately two months later.
In our prior opinion in this matter, we rejected an identical argument by plaintiff that the trial court lacked subject matter jurisdiction to enter its order awarding sanctions because the trial court took the issue under advisement and later rendered a decision out of session. See Bennett v. Harmon, supra. We noted that under G.S. § 1A -1, Rule 58, which applies to both judgments and orders in civil cases, see In re Estate of Trull, 86 N.C.App. 361, 357 S.E.2d 437 (1987), a party will be deemed to have consented to the entry of an order out of session where that party does not expressly object. See N.C. Gen.Stat. § 1A-1, Rule 58 (2002). Here, the record fails to reflect that plaintiff objected when the trial court informed the parties that it would render a decision in the matter at a later date and out of session. In accordance with our prior opinion, this assignment of error is therefore overruled.

III.
Plaintiff also contends the trial court abused its discretion in ordering that she post prosecution bonds in the amount of $20,000 because the evidence failed to support a conclusion that bonds in that amount were warranted. The trial court ordered that plaintiff post $10,000 to secure defendant Newman for recovery of costs in defense of the action, and $10,000 for security as to DHS and defendant Harmon.
We have previously recognized that the trial court has discretion to award prosecution bonds under G.S. § 1-109 which are in excess of the statutory $200 amount. See Narron v. Union Camp Corp., 81 N.C.App. 263, 344 S.E.2d 64 (1986). The purpose of ordering such a bond is "to secure the defendant in the recovery of costs wrongfully paid out by him." Waldo v. Wilson, 177 N.C. 461, 463, 100 S.E. 182, 184 (1919).
The trial court in this case entered extensive findings of fact in support of its order awarding prosecution bonds, including that the action was a re-filing of plaintiff's claims from a prior action for which she took a voluntary dismissal; that the prior action was found to be completely lacking in any justiciable issue of law or fact and that plaintiff was sanctioned for filing such a baseless complaint; that plaintiff was considering dismissing the present action because she had received advice that it would take a long time to litigate, would not be profitable, and could result in further sanctions; that plaintiff has a history of filing baseless complaints resulting in sanctions, including one action which was dismissed for her failure to pay sanctions; that the trial court considered attorney time sheets submitted by defendants; that substantial deposition and other costs were foreseeable given the lengthy pleadings filed by plaintiff; and that there existed good cause to require a bond higher than the statutory amount.
We have reviewed the relevant evidence and conclude the trial court did not abuse its discretion in awarding prosecution bonds totaling $20,000, given the costs facing defendants for their defense of plaintiff's action, as well as plaintiff's history of filing frivolous lawsuits, both in general and specifically as to the claims at issue in this action.

IV.
In her reply brief to this Court, plaintiff presents an additional argument, that Dalenko was denied due process and protection of the courts because of the trial court's "constant *606 intervention and redirecting [plaintiff's] attention away from her prepared, persuasive presentation," because the trial court challenged her allegations without reading the pleadings, and because the assistant clerk of court did not appoint a guardian ad litem for the prosecution of Dalenko's case. We have reviewed plaintiff's arguments as to the trial court's actions and conclude they are without merit. As to the appointment of a guardian ad litem, none of the assignments of error that plaintiff has listed as corresponding to her argument specifically addresses this issue, nor does any assignment of error of record pertaining to the Dalenko appeal. That issue is not properly before us, and these arguments are therefore overruled. See, e.g., Mark IV Bev., Inc. v. Molson Breweries USA, Inc., 129 N.C.App. 476, 500 S.E.2d 439 (where assignment of error fails to correspond to issue presented, issue not properly presented for appellate consideration), disc. review denied, 349 N.C. 231, 515 S.E.2d 705 (1998).
Plaintiff's individual appeal is dismissed; the orders dismissing the amended complaint as to Dalenko and requiring plaintiff to post prosecution bonds is affirmed.
Dismissed in part; affirmed in part.
Chief Judge EAGLES and Judge GEER concur.