Burgess v. Am. Express Co., 2007 NCBC 16

| | |
|---|---|
| STATE OF NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| | SUPERIOR COURT DIVISION |
| COUNTY OF POLK | 07 CVS 40 |

C. BURGESS,

      Plaintiff,

v.

AMERICAN EXPRESS COMPANY, INC.,
EXPERIAN INFORMATION SOLUTIONS,
INC., INNER CONCEPTS, INC.,
CINGULAR WIRELESS, LLC, TARGET
STORES, INC., WAL MART
ASSOCIATES, INC., AIS NETWORK,
INC., CLICKSPRING, LLC,
RINGTONE.COM, LLC, EBAY, INC.,
PUREVIDEO NETWORKS, INC.,
VARIOUS, INC., FRISCHMAN
ENTERPRISES, INC., AVIS BUDGET CAR
RENTAL, LLC, VONAGE AMERICA,
INC., OFFICE DEPOT, INC., CITIGROUP
CORPORATE, THE CREDO GROUP, INC.,
INTERNET BRANDS, INC., J.G.
WENTWORTH & CO., INC.,

      Defendants.

**ORDER**

*C. Burgess, Plaintiff, pro se.*

*McAngus, Goudelock & Courie, PLLC by John E. Spainhour for Defendant American Express Company, Inc.*

Diaz, Judge.

{1}    This matter is before the Court on the Motion of Defendant American Express Company, Inc. ("AMEX") for Prosecution Bond pursuant to N.C. Gen. Stat. § 1-109 (2007) and the Motion of Plaintiff C. Burgess ("Burgess") for Summary Judgment against AMEX. For the reasons

stated below, the Court **DENIES** AMEX's Motion for Prosecution Bond and **DENIES**

Burgess's Motion for Summary Judgment.

# I.

## FINDINGS OF FACT[1]

{2}     Burgess, who appears *pro se*, filed his Complaint on 13 February 2007.

{3}     On 1 March 2007, Burgess amended his Complaint, and on 5 March 2007, Burgess purported to amend his Complaint a second time.  On 14 May 2007, the Court entered an Order striking Burgess's Second Amended Complaint for failure to comply with Rule 15 of the North Carolina Rules of Civil Procedure.  (Order, May 14, 2007.)

{4}     In his Amended Complaint, Burgess alleges that Defendants AIS Network, Inc. and Clickspring, LLC ("Clickspring") illegally placed programs on his computer that facilitated the receipt of unwanted "pop-up" advertisements.  (Am. Compl. ¶¶ 26-28, 46.)  He further alleges that the various other Defendants used these programs to illegally place unwanted "pop-up" advertisements on his computer (Am. Compl. ¶¶ 29-30, 32-33, 38-40, 49-50, 52, 55-56), and that these "pop-up" advertisements, and the programs that facilitated them, have damaged his computer and invaded his property (Am. Compl. ¶¶ 27, 34-36, 40, 49, 51).

{5}     On 21 March 2007, AMEX filed a Notice of Designation of Action as Mandatory Complex Business Case under N.C. Gen. Stat. § 7A-45.4.

{6}     On 22 March 2007, the Chief Justice of the North Carolina Supreme Court designated this matter a mandatory complex business case, and on 26 March 2007, Judge Ben Tennille, the Chief Special Superior Court Judge for Complex Business Cases, assigned this case to me.

{7}     On 4 April 2007, AMEX filed its Answer to Burgess's original Complaint.

{8}     On 10 April 2007, AMEX filed a Motion for Prosecution Bond pursuant to N.C. Gen. Stat. § 1-109 (2007), along with a supporting brief.

---

[1] The Court makes findings of fact solely for the purpose of resolving AMEX's Motion for Prosecution Bond.

3

{9}    On 13 April 2007, Burgess filed his Reply to AMEX's Motion for Prosecution Bond, which also contained a separate Motion for Summary Judgment against AMEX. Burgess did not file a brief in support of his Motion for Summary Judgment.

{10}    On 27 April 2007, Burgess filed a Supplement to his Motion for Summary Judgment, which contained additional evidence in support of the same.

{11}    Pursuant to Rule 15.4 of the General Rules of Practice and Procedure for the North Carolina Business Court (the "Business Court Rules"), the Court decides these motions without a hearing.

## II.

## CONCLUSIONS OF LAW

### A.

### MOTION FOR PROSECUTION BOND

{12}    N.C. Gen. Stat. § 1-109 states:

> At any time after the issuance of summons, the clerk or judge, upon motion of the defendant, may, upon a showing of good cause, require the plaintiff to do one of the following things and the failure to comply with such order within 30 days from the date thereof shall constitute grounds for dismissal of such civil action or special proceeding:
>
> > (1) Give an undertaking with sufficient surety in the sum of two hundred dollars, with the condition that it will be void if the plaintiff pays the defendant all costs which the latter recovers of him in the action.
> >
> > (2) Deposit two hundred dollars ($200.00) with him as security to the defendant for these costs, in which event the clerk must give to the plaintiff and defendant all costs which the latter recovers of him in the action.

N.C. Gen. Stat. § 1-109 (2007).

{13}    Whether and in what amount to require a prosecution bond is a matter within the trial court's sound discretion. *Dalenko v. Wake County Dep't of Human Servs.*, 157 N.C. App. 49,

4

58, 578 S.E.2d 599, 605 (2003). As to these issues, the Court may consider, among other things: (1) the relative merits of the case; (2) whether the costs in the case will be substantial; (3) the evidence, if any, of the plaintiff's inability to satisfy a judgment for costs; and (4) whether the plaintiff has a history of filing frivolous lawsuits. *Id.*

{14} After considering the Court file, AMEX's Motion, its supporting brief, and Burgess's Reply to the Motion, the Court concludes that AMEX has not shown good cause for requiring Burgess to post a prosecution bond.

{15} First, AMEX's conclusory statement that the costs in this case will be substantial is not evidence of the same. Second, while the allegations in Burgess's Amended Complaint are not artful and ultimately may prove to be without merit, the Court cannot say they are patently frivolous. Third, there is no evidence that Burgess cannot satisfy a judgment of costs should he not prevail in the action. Fourth, there is no evidence that Burgess has a penchant for filing vexatious or abusive lawsuits.[2]

{16} Accordingly, the Court **DENIES** AMEX's Motion for Prosecution Bond.[3]

**B.**

**MOTION FOR SUMMARY JUDGMENT**

{17} Burgess's Reply to the Motion for Prosecution Bond includes a separate Motion for Summary Judgment against AMEX.

{18} On 27 April 2007, Burgess filed a Supplement to his Motion for Summary Judgment.

---

[2] The record discloses that Burgess may be a prolific *pro se* litigant, but that fact alone is insufficient to warrant the imposition of a prosecution bond.
[3] In his Reply to AMEX's Motion for Prosecution Bond, Burgess posits that "American Express [should] be made to provide a security bond in the amount of one hundred thousand dollars to cover the potential judgment which will ultimately be entered against them by a jury of their peers." (Reply to Mot. for Prosecution Bond 3.) To the extent this assertion is a motion to require AMEX to post a bond, it is **DENIED**.

{19}   The Motion for Summary Judgment, like others Burgess has filed, violates Business Court Rule 15 because it was joined in an unrelated filing and was not accompanied by a brief.[4]

{20}   Accordingly, these procedural deficiencies are sufficient for the Court to summarily **DENY** Burgess's Motion for Summary Judgment against AMEX.

{21}   Even considering the merits, the Motion for Summary Judgment still fails.

{22}   A motion for summary judgment under Rule 56 of the North Carolina Rules of Civil Procedure should be granted only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."  N.C. Gen. Stat. § 1A-1, Rule 56(a) (2007).

{23}   While it is true that, under Rule 56, "a party seeking to recover upon a claim . . . may at any time after the expiration of 30 days from the commencement of the action . . . move with or without supporting affidavits for a summary judgment in his favor[,]" *Id.*, a "motion that is filed at the outset of a case that is not limited to purely legal issues should be carefully scrutinized because at least some discovery is usually warranted where factual contentions are in dispute."  2 G. Gray Wilson, *North Carolina Civil Procedure* § 56-7, at 287 (2d ed. 1995).

---

[4] In a separate filing, Burgess objects to the Court's enforcement of its rules. (*See* Objection to Ruling of the Court, May 16, 2007.)  The Court declines to excuse Burgess from complying with this Court's rules merely because he is *pro se*. *Cf. Bledsoe v. County of Wilkes*, 135 N.C. App. 124, 125, 519 S.E.2d 316, 317 (1999) (stating that court's appellate rules "apply to everyone -- whether acting *pro se* or being represented by all of the five largest law firms in the state").  Burgess is incorrect when he states in his 16 May filing that briefs in this Court are discretionary. Business Court Rule 15.2 is clear that briefs are required in support of every motion except those specifically excepted by Rules 15.10 and 15.12, *see* BCR 15.2, and Business Court Rule 15.11 states, in no uncertain terms, that a motion unaccompanied by a required brief may be summarily denied. *See* BCR 15.11.  A motion for summary judgment is not one excepted from the briefing requirement. *See* BCR 15.10, 15.12.  Finally, the Court's rules are available to anyone on its website, and the Court would be pleased to mail Burgess a paper copy upon request.

{24}    Here, AMEX has denied the majority of the allegations contained in Burgess's Complaint, (*see* Mot. to Dismiss and Answer to Original Compl., Apr. 4, 2007),[5] and I certainly cannot say, at this early stage of the case,[6] that there are no genuine issues of material fact based solely on the photographs of a computer screen and related documents that Burgess attached to his Motion for Summary Judgment and supplement to the same,[7] (*see* Mot. for Summ. J. 11-15, Supplement to Mot. for Summ. J. 4-9).

{25}    Consequently, even if Burgess's Motion for Summary Judgment complied with the Business Court Rules, the Court would **DENY** it on the merits, as summary judgment is not appropriate at this early stage of the case.

## CONCLUSION

{26}    The Court **DENIES** AMEX's Motion for Prosecution Bond and **DENIES** Burgess's Motion for Summary Judgment against AMEX contained in his Reply to AMEX's Motion for Prosecution Bond.  The Court's denial of Burgess's Motion for Summary Judgment is without prejudice to his right to re-file it once the parties have had an opportunity to conduct discovery.

        **SO ORDERED**, this the 21st day of May, 2007.

---

[5] In his Motion for Summary Judgment, Burgess alleges that defendant "Clickspring admitted entering the computer of the Plaintiff and did so on behalf of American Express." (Reply to Mot. for Prosecution Bond 4.)  However, Clickspring's Answer, filed on 2 May 2007, denies the material allegations of the Complaint.  (*See* Mot. and Answer of Clickspring, LLC.)

[6] The Court has yet to enter the Business Court Rule 17 Case Management Order governing discovery in this case.

[7] Even if the photographs are some evidence of what Burgess alleges, i.e., that AMEX used a program provided by a third-party to place unauthorized "pop-up" advertisements on Burgess's personal computer, the Court believes it appropriate to allow the parties an opportunity to conduct some discovery before considering a motion for summary judgment.