An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-135

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

BOBBY P. BRAWLEY and BETTY M.
BRAWLEY,
     Plaintiffs,

     v.                                    Iredell County
                                           No. 13 CVS 01289
ELIZABETH TOWNES HOMEOWNERS
ASSOCIATION, INC., LADONNA
CONSTANCE WALDEN and PATRICIA
HEDRICK, individually and as
members of THE BOARD OF DIRECTORS
OF ELIZABETH TOWNES HOMEOWNERS
ASSOCIATION, INC.,
     Defendants.


     Appeal by plaintiffs from order entered 8 November 2013 by Judge W. David Lee in Iredell County Superior Court. Heard in the Court of Appeals 21 May 2014.


     *Kenneth T. Davies for plaintiff-appellants.*

     *McAngus, Goudelock & Courie, PLLC, by Garry T. Davis and Jeffrey B. Kuykendal, for defendant-appellees.*


     PER CURIAM.

Where plaintiffs' claims were barred by collateral estoppel, defendants' motions to dismiss were properly granted by the trial court.

Plaintiffs Bobby P. Brawley and Betty M. Brawley own a townhome in the Elizabeth Townes community in Charlotte. Defendant Elizabeth Townes Homeowners Association ("Elizabeth Townes HOA") manages the Elizabeth Townes community, of which plaintiffs are mandatory members. Individual defendants LaDonna Constance Walden and Patricia Hedrick are members of the board of directors of the Elizabeth Townes HOA.

Plaintiffs' daughter, Jane Brawley Jordan, resides at the Elizabeth Townes' townhome. Plaintiffs granted Jordan a limited power of attorney permitting Jordan to act on plaintiffs' behalf regarding all Elizabeth Townes HOA matters, including the ability "to request financial records, to vote [plaintiffs'] proxy in [Elizabeth Townes HOA] matters, and to attend [Elizabeth Townes HOA] meetings on [plaintiffs'] behalf."

Beginning in 2005, the relationship between Elizabeth Townes HOA, Walden, and Hedrick ("defendants"), and Jordan began to deteriorate. Jordan sent numerous emails, text messages, and phone calls to defendants regarding alleged mismanagement of the Elizabeth Townes community. Jordan also filed four *pro se*

lawsuits against Elizabeth Townes HOA, all of which were subsequently dismissed either voluntarily by Jordan or with prejudice by order of the trial court.

In 2010, Jordan filed claims with the North Carolina Real Estate Commission and the State Bureau of Investigations against Elizabeth Townes HOA, alleging that Elizabeth Townes HOA's former management company had committed fraud. The resulting investigations found no evidence of fraud, and Elizabeth Townes HOA invoiced Jordan and plaintiffs for the loss of business caused by the investigations.

In March 2011, defendants filed a complaint and request for permanent injunction against Jordan for "continuous and repeated harassment." Defendants also filed claims against plaintiffs, alleging that by failing to revoke Jordan's limited power of attorney, plaintiffs had enabled Jordan's continued harassment of defendants.[1] Plaintiffs transferred ownership of their

---

[1] After a hearing on defendants' motion for injunctive relief before the trial court in March 2011 during which Jordan and plaintiffs appeared "disoriented, distracted, and unresponsive to the Court's inquiries," Jordan was ordered to undergo a mental evaluation. Following Jordan's refusal to submit to a forensic screening, in May 2012 the trial court entered an order finding Jordan to be in contempt of court. On appeal, this Court, by *per curiam* opinion, upheld the order of the trial court. *See State v. Jordan*, No. COA12-1264, 2013 N.C. App. LEXIS 736 (July 16, 2013).

Elizabeth Townes townhome to Jordan,[2] and defendants subsequently dismissed their claims against plaintiffs, leaving Jordan as the sole opposing party to the litigation. On 4 February 2013, the trial court entered an order for default judgment against Jordan and awarded compensatory and punitive damages to Elizabeth Townes HOA in the amount of "$34,929.59 for increased insurance premiums, increased property management fees, [and] direct legal costs," finding that "Jordan engaged in malicious prosecution and abuse of process as to [Elizabeth Townes HOA] and defamed [Elizabeth Townes HOA]."

On 3 June 2013, plaintiffs filed a complaint against defendants alleging claims for breach of fiduciary duty, constructive fraud, abuse of process, and unfair and deceptive trade practices. On 7 August, defendants filed motions to dismiss and to change venue. The trial court, by order entered

---

[2] We note that, based on the record, it is somewhat unclear as to whether plaintiffs have resumed ownership of their Elizabeth Townes townhome and, thus, have standing to bring this appeal. In an August 2012 motion to amend one of her four *pro se* lawsuits, Jordan described plaintiff Bobby Brawley as the "previous owner" of the townhome. However, in their instant complaint, plaintiffs indicate that they are currently the owners of the townhome, and in their answers, defendants treat plaintiffs as the current owners of the townhome as well, stating that "Plaintiffs herein subsequently transferred ownership of said property to Jane Jordan for a brief period of time." As such, plaintiffs are viewed in the instant matter as being the current owners of the Elizabeth Townes townhome and, therefore, have standing.

8 November, granted defendants' motions to dismiss. Plaintiffs appeal.

_____

On appeal, plaintiffs contend the trial court erred in granting defendants' motions to dismiss. Specifically, plaintiffs argue that the trial court erred in granting defendants' motions to dismiss pursuant to Rule 12(b)(6) and based on collateral estoppel. We disagree. Assuming *arguendo* that plaintiffs' complaint is technically sufficient to survive a Rule 12(b)(6) motion to dismiss, plaintiffs' claims are nonetheless barred by collateral estoppel.

*Collateral Estoppel*

Plaintiffs argue that the trial court erred in granting defendants' motions to dismiss because plaintiffs are not collaterally estopped from asserting their claims.

*Res judicata* and collateral estoppel are companion doctrines created "for the dual purposes of protecting litigants from the burden of relitigating previously decided matters and promoting judicial economy by preventing needless litigation." *Bockweg v. Anderson*, 333 N.C. 486, 491—92, 428 S.E.2d 157, 161 (1993) (citations omitted). Under the doctrine of *res judicata*, or "claim preclusion," "a final judgment on the merits in a

prior action will prevent a second suit based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assocs., Inc. v. Hall*, 318 N.C. 421, 428, 349 S.E.2d 552, 556 (1986). Under the doctrine of collateral estoppel, or "issue preclusion," "parties and parties in privity with them — even in unrelated causes of action — are precluded from retrying fully litigated issues that were decided in any prior determination and were necessary to the prior determination." *King v. Grindstaff*, 284 N.C. 348, 356, 200 S.E.2d 799, 805 (1973) (citations omitted).

"Like *res judicata*, collateral estoppel only applies if the prior action involved the same parties or those in *privity* with the parties and the same issues." *Goins v. Cone Mills Corp.*, 90 N.C. App. 90, 93, 367 S.E.2d 335, 337 (1988) (citing *King*, 284 N.C. at 356, 200 S.E.2d at 805) (emphasis added).

> A judgment operates as an estoppel not only as to all matters actually determined or litigated in the proceeding, but also as to all relevant and material matters within the scope of the proceeding which the parties, in the exercise of reasonable diligence, could and should have brought forward for determination.

*Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 84, 609 S.E.2d 259, 261 (2005) (citation and quotation omitted). "In general, privity involves a person so identified in interest with another

that he represents the same legal right previously represented at trial." *State v. Summers*, 351 N.C. 620, 623, 528 S.E.2d 17, 20 (2000) (citations and quotation omitted). In determining whether a privity relationship exists, "courts will look beyond the nominal party whose name appears on the record as plaintiff and consider the legal questions raised as they may affect the real party or parties in interest." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 36, 591 S.E.2d 870, 893 (2004) (citations and quotation omitted).

Plaintiffs allowed their daughter, Jane Brawley Jordan, to reside in their Elizabeth Townes townhome and granted Jordan a limited power of attorney "to request financial records, to vote [plaintiffs'] proxy in [Elizabeth Townes HOA] matters, and to attend [Elizabeth Townes HOA] meetings on [plaintiffs'] behalf." Plaintiffs further acknowledge in their brief that Jordan "was deemed to be an agent of [plaintiffs] through a limited power of attorney, granting her the same right as [plaintiffs.]" Such evidence indicates that a privity relationship exists between Jordan and plaintiffs.

Further evidence of a privity relationship can be seen in plaintiffs' current complaint. After Jordan filed four *pro se* complaints against Elizabeth Townes HOA, as well as filing

allegations of fraud against Elizabeth Townes HOA with the North Carolina Real Estate Commission and the State Bureau of Investigations, defendants filed claims against Jordan and plaintiffs in 2011. Plaintiffs then temporarily transferred their ownership of the Elizabeth Townes property to Jordan, and defendants dismissed their claims against plaintiffs, leaving Jordan as the sole opposing party in the litigation. The trial court, in its order granting default judgment to defendants, assessed compensatory and punitive damages against Jordan because "Jordan engaged in malicious prosecution and abuse of process as to [Elizabeth Townes HOA] and defamed [Elizabeth Townes HOA]." Jordan did not appeal from this award of compensatory and punitive damages. Rather, plaintiffs then filed the instant complaint, alleging that defendants commenced the 2011 litigation "to intimidate the Plaintiffs into silence and acceptance of the authority of the Defendants" and that the "asserted claims in the 2011 litigation against the Plaintiffs were entirely frivolous and without merit."

In its order granting defendants' motions to dismiss, the trial court noted that:

> [I]t also appearing that the amended complaint filed in the [2011 litigation] was voluntarily dismissed as to [plaintiffs] on January 14, 2013, approximately thirteen

months after it was asserted against them (and twenty-two months after the commencement of the [2011 litigation] and that [plaintiffs] were in a position in that action to assert the claims now being asserted in this action. The claims asserted by [plaintiffs] herein are claims based upon matters that were relevant and material within the scope of the earlier [2011 litigation] and [plaintiffs], in the exercise of reasonable diligence, could and should have brought those claims forward for determination. [Plaintiffs] should not be permitted to reopen the subject of the prior [2011] litigation with respect to matters which might have been brought forward in that proceeding. . . . [Plaintiffs] are collaterally estopped from now asserting claims for breach of fiduciary duty, constructive fraud, abuse of process and unfair and deceptive trade practices in this action and these claims should be dismissed . . . .

We agree with the trial court's determination that plaintiffs are now estopped from bringing their claims, as the "successive or mutual relationship in the same rights in [the Elizabeth Townes townhome] establishes that the interests of both [Jordan] and plaintiff[s] are so intertwined that privity exists between them." *Cline v. McCullen*, 148 N.C. App. 147, 150, 557 S.E.2d 588, 591 (2001). Moreover, "privity also exists where one not actually a party to the previous action . . . had a proprietary interest in the judgment or in the determination

of a question of law or facts on the same subject matter." *Id.* (citation omitted).

Jordan, in her four *pro se* complaints against defendants, alleged a variety of claims including, but not limited to: abuse of process, malicious prosecution, slander, retaliation, defamation, extortion, wrongful prosecution, libel *per se*, willful negligence, malfeasance, federal mail fraud, legal malpractice, alienation of affection, breach of contract, criminal intent, fraud, and contributory negligence. Although Jordan did not make specific claims for breach of fiduciary duty, constructive fraud, or unfair and deceptive trade practices, a reading of her complaints indicates that such claims were all-but asserted. In her first complaint, Jordan alleged that defendants failed to act in good faith while conducting Elizabeth Townes HOA business, and that defendants' acts amounted to a "breech [sic] of monies;" such allegations could support a claim for breach of fiduciary duty. Similar statements in Jordan's first complaint could also support claims for constructive fraud and unfair and deceptive trade practices, as Jordan made numerous allegations of fraud, embezzlement, deception, mismanagement, and negligence by defendants regarding defendants' handling of Elizabeth Townes HOA business.

Moreover, similar allegations and statements can be found throughout Jordan's three other complaints. All of Jordan's allegations and claims in each complaint stemmed from her ongoing disputes with defendants. Further, in addition to Jordan's claims which are intertwined with plaintiffs as a matter of privity, plaintiffs were also directly involved in litigation with defendants and had the opportunity to counterclaim as to all claims that are now asserted in the instant case.

Here, plaintiffs have brought claims against defendants for breach of fiduciary duty, constructive fraud, abuse of process, and unfair and deceptive trade practices. Although the only claim directly asserted by both Jordan and plaintiffs was a claim for abuse of process, all of plaintiffs' instant allegations and claims arise from Jordan's ongoing disputes with defendants. Indeed, plaintiffs' complaint indicates plaintiffs were aware of and involved in the ongoing disputes and litigation between Jordan and defendants, as plaintiffs reference these disputes and allege that defendants "began a campaign of propaganda against [Jordan]" that caused plaintiffs to "publically defend[] themselves" against defendants. As such, although plaintiffs appear to bring three "new" claims not

previously asserted by Jordan, it is clear that these claims were essentially alleged and brought by Jordan in her four earlier *pro se* complaints. Moreover, plaintiffs had a substantial interest in their townhome to create a proprietary interest in the litigation between Jordan and defendants and, therefore, this interest supports our earlier determination that privity exists between plaintiffs and Jordan.

Accordingly, the trial court's granting of defendants' motions to dismiss is affirmed.

Affirmed.

Report per Rule 30(e).